Garth Gaylord
253 David Ave
Nampa, ID 83651
garthgaylord@protonmail.com
208-935-5995

Lori Marr
69 S Chase St
Nampa, ID 83687
lshewma@protonmail.com
208-941-1782

Paul Smith
PO BOX 524
Homedale, ID 83628
peregrinant@protonmail.com
509-216-4874

**U.S. COURTS**

**MAY 0 2 2022**

Rcvd_____Filed_____Time_____
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

UNITED STATES DISTRICT COURT
OF IDAHO

| | |
|---|---|
| GARTH GAYLORD<br>LORI MARR<br>PAUL SMITH,<br>        Plaintiffs,<br><br>vs.<br><br>ADA COUNTY<br>JUDICIARY COURTS OF THE STATE OF<br>IDAHO<br>MICHAEL MACLEOD<br>MORGAN CASE<br>EDWARD BENNETT<br>EDDIE RICHARDS<br>VICENTE SEPULVEDA<br>JOE WOOD<br>KEN BAISCH<br>DERRECK CARDINALE<br>BRIAN BURRELL<br>CHRISTOPHER STOFFERAHN,<br>        Defendants | Case No.: Number<br>COMPLAINT FOR DAMAGES CIVIL<br>RIGHTS VIOLATIONS UNDER 42 U.S.C.<br>SECTION 1983, 1985 COMPENSATORY<br>DAMAGES INJUNCTIVE RELIEF TRIAL<br>BY JURY DEMAND |

## I.     INTRODUCTION

COMPLAINT FOR DAMAGES CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. SECTION 1983, 1985
COMPENSATORY DAMAGES INJUNCTIVE RELIEF TRIAL BY JURY DEMAND - 1

1) This is an action brought by PLAINTIFFS for deprivation of secured and protected Rights in addition to violations inflicted by all DEFENDANTS. This includes First, Fourth, Fifth, and Fourteen Amendments to the United States Constitution, including multiple TORT violations.

2) ADA COUNTYS and JUDICIARY COURTS OF THE STATE OF IDAHO dba ADA COUNTY COURTHOUSE, policies, custom, practices, and guidance has caused direct injury to all PLAINTIFFS, in addition to failing to properly train employees.

3) These causes of injury were done willingly and knowingly, with deliberate indifference, violating clearly established law.

4) Plaintiffs have obtained evidence via documented Narrative report(s), that the DEFENDANTS conspired in advance via briefings and meetings, and PLAINTIFFS believe OFFICERS and agents worked in concert together with prejudice to infringe upon PLAINTIFFS Rights in advance of the event.

5) PLAINTIFFS seek injunctive relief from bad faith prosecutions for the relevant parties, as well as injunction against the discriminatory rights violating practices by DEFENDANTS.

6) PLAINTIFFS seek a declaratory judgement for relief, and compensatory damages.

## II.    JURISDICTION AND VENUE

7) The Jurisdiction of this Court is in the nature of diversity Jurisdiction, (a.) 28 U.S.C. Section 1332. Because the parties are diverse, being that JUDICIARY COURTS OF THE STATE OF IDAHO are a Corporation, acting as ADA COUNTY COURTHOUSE, and Plaintiffs are individuals, making parties diverse.

COMPLAINT FOR DAMAGES CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. SECTION 1983, 1985 COMPENSATORY DAMAGES INJUNCTIVE RELIEF TRIAL BY JURY DEMAND - 2

8) This Court has further jurisdiction under 42 U.S.C. 1983, 1985; and the First, Fourth, Fifth, and Fourteenth amendments to the United States Constitution, further 28 U.S.C. Sections 1343 (Civil Rights), 1331, and 2201-02 (Declaratory relief).

9) Additionally, supplemental jurisdiction exists with this court under the provisions of 28 U.S.C. Section 1367(a) as to the remaining counts arising under the Idaho Constitution and State Laws from the same set of operative facts. JUDICIARY COURTS OF THE STATE OF IDAHO is being sued under diversity of jurisdiction.

10) The operative facts contained herein caused this claim to arise under the provisions of the United States Constitution, and under 42 U.S.C. Section 1983, 1985.

11) Venue is proper because all events giving rise to this complaint occurred within this district as provided in 28 U.S.C. Section 1391(b).

## III.    PARTIES TO THIS ACTION

12) PLAINTIFF, LORI MARR, hereinafter referred to as, "MARR" does domicile and reside in Idaho at all times relevant to this complaint.

13) PLAINTIFF, GARTH GAYLORD, hereinafter referred to as, "GAYLORD" does domicile and reside in Idaho at all times relevant to this complaint.

14) PLAINTIFF, PAUL SMITH, hereinafter referred to as, "SMITH" does domicile and reside in Idaho at all times relevant to this complaint.

15) DEFENDANT MICHAEL MACLEOD, hereinafter referred to as, "MACLEOD" is employed by JUDICIARY COURTS OF THE STATE OF IDAHO dba ADA COUNTY COURTHOUSE as an officer capacity and is rewarded, compensated, and enriched for performing his duties. Officer MACLEOD was acting under color of law and is being sued in his official job capacity as well as his individual capacity.

COMPLAINT FOR DAMAGES CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. SECTION 1983, 1985 COMPENSATORY DAMAGES INJUNCTIVE RELIEF TRIAL BY JURY DEMAND - 3

16) DEFENDANT MORGAN CASE, hereinafter referred to as, "CASE" is employed by JUDICIARY COURTS OF THE STATE OF IDAHO dba ADA COUNTY COURTHOUSE as an officer capacity and is rewarded, compensated, and enriched for performing his duties. Officer CASE was acting under color of law and being sued in his official job capacity as well as his individual capacity.

17) DEFENDANT EDWARD BENNETT, hereinafter referred to as, "BENNETT" is employed by JUDICIARY COURTS OF THE STATE OF IDAHO dba ADA COUNTY COURTHOUSE as an officer capacity and is rewarded, compensated, and enriched for performing his duties. Officer BENNETT was acting under color of law and being sued in his official job capacity as well as his individual capacity.

18) DEFENDANT EDDIE RICHARDS, hereinafter referred to as, "RICHARDS" is employed by JUDICIARY COURTS OF THE STATE OF IDAHO dba ADA COUNTY COURTHOUSE as an officer capacity and is rewarded, compensated, and enriched for performing his duties. Officer RICHARDS was acting under color of law and being sued in his official job capacity as well as his individual capacity.

19) DEFENDANT VINCENTE SEPULVEDA, hereinafter referred to as, "SEPULVEDA" is employed by JUDICIARY COURTS OF THE STATE OF IDAHO dba ADA COUNTY COURTHOUSE as an officer capacity and is rewarded, compensated, and enriched for performing his duties. Officer SEPULVEDA was acting under color of law and being sued in his official job capacity as well as his individual capacity.

20) DEFENDANT JOE WOOD, hereinafter referred to as, "WOOD" is employed by JUDICIARY COURTS OF THE STATE OF IDAHO dba ADA COUNTY

COMPLAINT FOR DAMAGES CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. SECTION 1983, 1985 COMPENSATORY DAMAGES INJUNCTIVE RELIEF TRIAL BY JURY DEMAND - 4

COURTHOUSE as an officer capacity and is rewarded, compensated, and enriched for performing his duties. Officer WOOD was acting under color of law and being sued in his official job capacity as well as his individual capacity.

21) DEFENDANT KEN BAISCH, hereinafter referred to as, "BAISCH" is employed by JUDICIARY COURTS OF THE STATE OF IDAHO dba ADA COUNTY COURTHOUSE as an officer capacity and is rewarded, compensated, and enriched for performing his duties. Officer BAISCH was acting under color of law and being sued in his official job capacity as well as his individual capacity.

22) DEFENDANT DERRECK CARDINALE, hereinafter referred to as, "CARDINALE" is employed by JUDICIARY COURTS OF THE STATE OF IDAHO dba ADA COUNTY COURTHOUSE as an officer capacity and is rewarded, compensated, and enriched for performing his duties. Officer CARDINALE was acting under color of law and being sued in his official job capacity as well as his individual capacity.

23) DEFENDANT CHRISTOPHER STOFFERAHN, hereinafter referred to as, "STOFFERAHN" is employed by JUDICIARY COURTS OF THE STATE OF IDAHO dba ADA COUNTY COURTHOUSE as an officer capacity and is rewarded, compensated, and enriched for performing his duties. Officer STOFFERAHN was acting under color of law and being sued in his official job capacity as well as his individual capacity.

24) DEFEENDANT, ADA COUNTY, herein after referred to as "COUNTY" and is a political subdivision of the State of Idaho and is being sued as a PERSON.

25) DEFENDANT, JUDICIARY COURTS OF THE STATE OF IDAHO, dba ADA

COUNTY COURTHOUSE hereinafter referred to as "COURTHOUSE" is an incorporated business with the assigned DUNS & BRADSTREET number 833069136. COURTHOUSE is being sued under diversity jurisdiction.

# IV. FACTUAL ALLEGATIONS

26) On the morning of May 7, 2021, on the grounds of the COURTHOUSE property, GAYLORD, MARR, and SMITH were immediately met with discrimination because PLAINTIFFS were not wearing facial coverings by DEFENDANTS WOOD, BENNETT, and BAISCH when PLAINTIFFS were deterred, suppressed, unlawfully detained, cuffed, and subsequently arrested.

27) MARR & SMITH were exercising First Amendment Constitutionally protected conduct by Peaceably Assembling, and MARR was also attempting to enter the public Court House unmolested.

28) GAYLORD was present because he was summonsed to personally appear to Court this day by the COURTHOUSE and was unlawfully arrested as he was attempting to enter the public Courthouse unmolested, without a facial covering for his demanded Appearance.

29) GAYLORD raised the demand to be let in without discrimination by articulating to the officers to allow him to appear "in person" pursuant to Article 1 Sec. 13 of the Idaho State Constitution.

30) GAYLORD attempted to move past OFFICERS WOOD and BENNETT toward the COURTHOUSE door, to attend his required Appearance, and was tackled onto the cement, then further attacked with a blow to the back and a knee to the head, causing

COMPLAINT FOR DAMAGES CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. SECTION 1983, 1985 COMPENSATORY DAMAGES INJUNCTIVE RELIEF TRIAL BY JURY DEMAND - 6

his head to slam by severe force into the metal door. This made a visible lump of swelling at the place of trauma on his head, also causing him to be stunned. He did not understand why the OFFICERS kept shouting "Stop Resisting," as this was not true.

31) OFFICERS CARDINALE and CASE aided in this physical detainment violation of GAYLORD, who was then handcuffed by BENNETT.

32) GAYLORD remained detained for hours at the COURTHOUSE, then was transported to COUNTY JAIL where GAYLORD was now charged for Failure to Appear. This was directly caused by ADA COURTHOUSE employees who physically prevented him from entering the courthouse for his Appearance.

33) GAYLORD was battered, hungry, thirsty, exhausted, and emotionally distressed, with a head injury, causing him clearly observable concussion-like symptoms.

34) Moreover, officer COLBERTSON coerced GAYLORD into appearing on ZOOM, under fear of threat of being kept in jail for the weekend. This was further violation of GAYLORDS *protected rights, as he continued to demand his right to appear in Person.*

35) Shortly thereafter, GAYLORD bonded out of jail, where he was met with friends in the jail lobby where they documented the injuries GAYLORD sustained.

36) GAYLORD continued to suffer emotional distress, physical pain, and loss of self-wrth because of these injuries, including suffering financial, as well as the loss of his marriage and loss of normal unfettered access to his children as a direct result of this interaction with DEFENDANTS causing undo pressure to the marriage.

37) MARR was exercising Constitutionally protected conduct in the Public area of

COMPLAINT FOR DAMAGES CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. SECTION 1983, 1985 COMPENSATORY DAMAGES INJUNCTIVE RELIEF TRIAL BY JURY DEMAND - 7

COURTHOUSE property when BAISCH, SEPULVEDA and RICHARDS physically pushed MARR back and forth like a ping pong ball with unreasonable force, eventually causing her to lose balance and start to fall to the ground. Immediately SMITH, seeing MARR in distress being pushed toward the ground, moved forward with the necessity to aid in preventing MARR from suffering further injury, to regain her footing.

38) MARR being 4'11, 120 lbs., was in danger of being injured, therefore SMITH was compelled to act with necessity, and in good conscience to assist her.

39) SMITH was accosted by COURTHOUSE Marshals and Deputies, including BAISCH, CARDINALE, STOFFERAN and BURRELL, by being grabbed and shoved backward. When SMITH regained his balance, he rotated his arm in the opposite direction attempting to maintain his balance. SMITH was then detained, and subsequently arrested.

40) During the altercation, SMITH was holding a couple of drink decanters with his right hand. When MARR started being tossed to the ground, SMITH used his one free left hand to reach for MARR to aid her, and focused his attention at one officer in unbelief, as he was being grabbed by the officers.

41) SMITH realized he was being arrested with unreasonable force, so he cooperated fully.

42) MARR, after being brought back to her feet, was handcuffed by STOFFERAHN taken immediately into the COURTHOUSE by officers *without a facial covering,* then unlawfully detained for hours as well, before being arrested and taken to COUNTY JAIL.

43) MARR believes she was arrested over prohibited and unlawful guidance documents, rules, orders, codes, and courthouse policies for exercising her religious, medical and assembly rights to support her beliefs as well as her right to be on public

COMPLAINT FOR DAMAGES CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. SECTION 1983, 1985 COMPENSATORY DAMAGES INJUNCTIVE RELIEF TRIAL BY JURY DEMAND - 8

property. Further, Marshal DEFENDANTS were not rightfully in her presence.

44) SMITH believes he was arrested over prohibited and unlawful guidance documents, orders, rules, codes, and courthouse policies for exercising his religious, medical and assembly rights to support his beliefs and his right to be on public property. Further DEFENDANTS were not rightfully in his presence.

45) GAYLORD also was arrested over for identical reasons as SMITH.

46) Concerning being summonsed to appear for the May 7, 2021 arrest, MARR and SMITH, when attempting to appear on site to appear in person in a court of law to exercise any and all due process rights, one of which is the guaranteed right to face their accuser IN A COURT OF LAW, pursuant to *US Constitution Amendment 6, the Confrontation Clause, and ID Constitution Article I Sec. 13, and Sec. 18.* They were deprived of this right by Ada County Marshals, forcing them into a zoom/digital "meeting" under duress and threat of being arrested. Further, COURTHOUSE policy prohibited this Right.

47) Improper Guidance documents, rules, codes, and orders created by JUDICIARY COURTS OF THE STATE OF IDAHO, ADA COUNTY, and HEALTH DEPARTMENT are not law, and shall disclaim any force of law and avoid mandatory language that would discriminate against public accommodation that go beyond applicable statutes or legislative rules.

48) These guidance documents should not be used for the purposes of coercing persons and should refrain from taking any action beyond what is required by the terms of the applicable statute or regulation (see Exhibit A: Improper Guidance Documents).

COMPLAINT FOR DAMAGES CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. SECTION 1983, 1985 COMPENSATORY DAMAGES INJUNCTIVE RELIEF TRIAL BY JURY DEMAND - 9

49) The ADA COUNTY Health Department, Administrative Judge(s) including STEVEN HIPPLER, cannot promulgate a rule for which a healthy person is held to the same standard as a person with a communicable or infectious disease or virus.

50) PLAINTIFFS believe they were held to the previously mentioned standards and were discriminated against, in addition to being denied public accommodations which did not force the PLAINTIFFS to give up other rights, under duress and threat of arrest, for not wearing the improperly demanded face covering.

51) MARR and SMITH had a right to be taken to a magistrate, according to *Idaho statute Title 19-514 & 518* within a reasonable time frame after being arrested and were denied that right. Further, it took 77 days to appear before a Magistrate.

52) MARR is Licensed by the State of Idaho, and her Insurance License is in jeopardy because of this improper illegal arrest and can ultimately result in the loss of her source of income and profession by the loss of her License.

53) MARR was denied a NONRESIDENT LICENSE in Kansas for no other reason than this false arrest. MARR was denied contracting with Cincinnati Life, and TransAmerica Life for no other reason than these pending charges against her.

54) MARR suffers extreme emotional distress and anxiety directly related to the previous mentioned facts, because of monetary loss as well as public humiliation.

55) All DEFENDANTS acted in their respected roles with deliberate indifference knowingly and willingly violating guaranteed and protected rights pursuant to the Federal Constitution, the Idaho State Constitution, and other laws pursuant to the State of Idaho.

COMPLAINT FOR DAMAGES CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. SECTION 1983, 1985 COMPENSATORY DAMAGES INJUNCTIVE RELIEF TRIAL BY JURY DEMAND - 10

56) GAYLORD and MARR had a right not to wear a face covering and not be discriminated and arrested by DEFENDANTS and others working in concert with.

57) When MARR and SMITH were arrested, they were denied the right to Peaceably Assemble, in addition to Equal Public Access {lawful public accommodation}.

58) DEFENDANTS BAISCH, SEPULVEDA, BENNETT, RICHARDS, MACLEOD, WOOD, CASE, CARDINALE, BURRELL and STOFFERAHN had a duty of care in their actions against GAYLORD, MARR, and SMITH. These named DEFENDANTS not only failed to do so, but in fact premediated and intentionally committed egregious violations against PLAINTIFFS by meeting together beforehand, even identifying some PLAINTIFFS by name and then deliberately acting in violation of the previous stated protected rights, in order to chill the PLAINTIFFS FREE SPEECH and quell visual and vocal nonviolent demands for EQUAL ACCESS to Due Process and the COURTHOUSE (without giving up other Rights) which did cause injury, harm and loss to PLAINTIFFS.

## <u>COUNT I</u>
## <u>DEPRIVATION OF RIGHTS</u> (42 USC Section 1983)

59) GAYLORD realleges an incorporation of all the previous paragraphs inclusive as though they were fully set forth herein and claims DEFENDANT MACLEOD unlawfully arrested GAYLORD for attempting to enter the Ada County Court House.

60) MACLEOD did willfully and knowingly deter, suppress, and trespass against GAYLORD when GAYLORD was exercising Constitutional protected conduct in the form of FREE SPEECH and EQUAL ACCESS to IN-PERSON, UNBIASED DUE PROCESS, in which MACLEOD arrested GAYLORD. MACLEOD was not rightfully

COMPLAINT FOR DAMAGES CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. SECTION 1983, 1985 COMPENSATORY DAMAGES INJUNCTIVE RELIEF TRIAL BY JURY DEMAND - 11

in the presence of GAYLORD when he infringed upon his 1st, 4th, 5th, and 14th Amendment protections.

61) These violations include *Article 1 Sections 9, 10, 13 and 18 of the Idaho State Constitution,* also see *Clarke, 165 Idaho at 395, 446 P.3d at 453.* MACLEOD failed to have a witness or alleged victim sign the misdemeanor Citation, even though MACLEOD was NOT PRESENT and DID NOT WITNESS the charging event.

62) GAYLORD had a right not to be arrested, because he was deprived of Liberty protected under the 4th and 14th Amendment, but subsequently was illegally seized and arrested. MACLEOD acted inappropriately and breached his legal duty.

## COUNT II
## DEPRIVATION OF RIGHTS (42 USC Section 1983)

63) MARR realleges an incorporation of all previous paragraphs inclusive as though they were fully set forth herein and claims DEFENDANT MACLEOD unlawfully arrested MARR for attempting to enter the Ada County Court House.

64) MACLEOD did willfully and knowingly deter, suppress, and trespass against MARR when MARR was exercising Constitutional protected conduct in the form of FREE SPEECH & PEACEABLE ASSEMBLY in which MACLEOD arrested MARR.

65) These violations include *Article 1 Sections 9, 10, 13 and 18 of the Idaho State Constitution,* also see *Clarke, 165 Idaho at 395, 446 P.3d at 453.* MACLEOD failed to have a witness or victim sign the misdemeanor Citation, even though MACLEOD was NOT PRESENT and DID NOT WITNESS the charging event. .

66) MARR had a right not to be arrested, because she had a right to entry protected by Article 1, Sec. 18 of the Idaho Constitution and should not have been arrested but

COMPLAINT FOR DAMAGES CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. SECTION 1983, 1985 COMPENSATORY DAMAGES INJUNCTIVE RELIEF TRIAL BY JURY DEMAND - 12

subsequently was arrested. MACLEOD was not rightfully in the presence of MARR and acted inappropriately and breached his legal duty.

## COUNT III
## DEPRIVATION OF RIGHTS (42 USC Section 1983)

67) SMITH realleges an incorporation of all previous paragraphs inclusive as though they were fully set forth herein and claims DEFENDANT MACLEOD unlawfully arrested SMITH for attempting to enter the Ada County Court House or aid MARR in regaining her balance.

68) MACLEOD did willfully and knowingly deter, suppress, and trespass against SMITH when SMITH was exercising Constitutional protected conduct in the form of FREE SPEECH and PEACEABLE ASSEMBLY in which MACLEOD arrested SMITH.

69) This is a violation of MACLEODS Oath of office, the 1st Amendment of the US Federal Constitution, as well as violating *Article 1 Sections 9, 10, 13 and 18 of the Idaho State Constitution,* also see *Clarke, 165 Idaho at 395, 446 P.3d at 453, and* MACLEOD failed in his duty to have a witness or alleged victim sign the misdemeanor Citation, even though MACLEOD was NOT PRESENT and DID NOT WITNESS the charging event.

70) SMITH had a right not to be arrested, but subsequently was arrested. MACLEOD acted inappropriately and breached his legal duty. MACLEOD was not rightfully in SMITH presence.

## COUNT IV
## DEPRIVATION OF RIGHTS (42 USC Section 1983)

COMPLAINT FOR DAMAGES CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. SECTION 1983, 1985 COMPENSATORY DAMAGES INJUNCTIVE RELIEF TRIAL BY JURY DEMAND - 13

71) PLAINTIFF GAYLORD realleges an incorporation of all previous paragraphs inclusive as though they were fully set forth herein and claims DEFENDANT EDWARD BENNETT worked in concert with and did unlawfully detain and/or arrest GAYLORD by placing him in handcuffs, for attempting to enter the Ada County Court House. GAYLORD had a right not to be arrested and was arrested. BENNETT was not lawfully in GAYLORDs presence, so acted inappropriately and breached his legal duty. GAYLORD'S Person was illegally seized by BENNETT, which violated the 4th *Amendment of the US Constitution, & Article 1, Sec 17 of the Idaho State Constitution.*

## COUNT V
## DEPRIVATION OF RIGHTS (42 USC Section 1983)

72) PLAINTIFF MARR realleges and incorporates previous paragraphs inclusive as though they were fully set forth herein and claims as DEFENDANT EDWARD BENNETT worked in concert with and did unlawfully detain and/or arrest MARR for attempting to enter the Ada County Court House. MARR had a right not to be arrested as well as to enter the courthouse unmolested and without discrimination or prejudice. BENNETT was not lawfully in her presence. BENNETT acted inappropriately and breached his legal duty. MARR'S Person was illegally seized by BENNETT which violated the 4th *Amendment of the US Constitution, & Article 1, Sec 17 of the Idaho State Constitution.*

## COUNT VI
## DEPRIVATION OF RIGHTS (42 USC Section 1983)

73) PLAINTIFF GAYLORD realleges an incorporation of all previous paragraphs inclusive as though they were fully set forth herein and claims DEFENDANT JOE

COMPLAINT FOR DAMAGES CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. SECTION 1983, 1985 COMPENSATORY DAMAGES INJUNCTIVE RELIEF TRIAL BY JURY DEMAND - 14

WOOD worked in concert with and did unlawfully arrest and/or detain GAYLORD for attempting to enter the Ada County Court House. GAYLORD had a right not to be arrested, as well as to enter the courthouse unmolested and without discrimination or prejudice. WOOD acted inappropriately and breached his legal duty. GAYLORD'S Person was illegally seized by WOOD, which violated the *4th Amendment of the US Constitution, & Article 1, Sec 17 of the Idaho State Constitution.*

## COUNT VII
### DEPRIVATION OF RIGHTS (42 USC Section 1983)

74) PLAINTIFF MARR realleges an incorporation of all previous paragraphs inclusive as though they were fully set forth herein and claims DEFENDANT JOE WOOD worked in concert with and did unlawfully arrest and/or detain MARR for attempting to enter the Ada County Court House. MARR had a right not to be arrested, as well as to enter the courthouse unmolested and without discrimination or prejudice. WOOD acted inappropriately and breached his legal duty. MARR's Person was illegally seized by WOOD, which violated the *4th Amendment of the US Constitution, & Article 1, Sec 17 of the Idaho State Constitution.*

## COUNT VIII
### DEPRIVATION OF RIGHTS (42 USC Section 1983)

75) PLAINTIFF SMITH realleges an incorporation of all previous paragraphs inclusive as though they were fully set forth herein and claims DEFENDANT JOE WOOD worked in concert with and did unlawfully arrest and/or detain SMITH for attempting to enter the Ada County Court House. SMITH had a right not to be arrested, as well as to enter the courthouse unmolested and without discrimination or prejudice. WOOD

COMPLAINT FOR DAMAGES CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. SECTION 1983, 1985 COMPENSATORY DAMAGES INJUNCTIVE RELIEF TRIAL BY JURY DEMAND - 15

acted inappropriately and breached his legal duty. SMITH's Person was illegally seized by WOOD, which violated the *4th Amendment of the US Constitution, & Article 1, Sec 17 of the Idaho State Constitution.*

## COUNT IX
## DEPRIVATION OF RIGHTS (42 USC Section 1983)

76) PLAINTIFF MARR realleges an incorporation of all previous paragraphs inclusive as though they were fully set forth herein and claims DEFENDANT BAISCH worked in concert with and did unlawfully arrest and/or detain MARR for attempting to enter the Ada County Court House. MARR had a right not to be arrested, as well as to enter the courthouse unmolested and without discrimination or prejudice. BAISCH acted inappropriately and breached his legal duty. MARR's Person was illegally seized by BAISCH, which violated the *4th Amendment of the US Constitution, & Article 1, Sec 17 of the Idaho State Constitution.*

## COUNT X
## DEPRIVATION OF RIGHTS (42 USC Section 1983)

77) PLAINTIFF SMITH realleges an incorporation of all previous paragraphs inclusive as though they were fully set forth herein and claims as DEFENDANT BAISCH worked in concert with and did unlawfully arrest and/or detain SMITH for attempting to enter the Ada County Court House. SMITH had a right not to be arrested, as well as to enter the courthouse unmolested and without discrimination or prejudice. BAISCH acted inappropriately and breached his legal duty. SMITH's Person was illegally seized by BAISCH, which violated the *4th Amendment of the US Constitution, & Article 1, Sec 17 of the Idaho State Constitution.*

COMPLAINT FOR DAMAGES CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. SECTION 1983, 1985 COMPENSATORY DAMAGES INJUNCTIVE RELIEF TRIAL BY JURY DEMAND - 16

## COUNT XI

### DEPRIVATION OF RIGHTS (42 USC Section 1983)

78) PLAINTIFF GAYLORD realleges an incorporation of all previous paragraphs inclusive as though they were fully set forth herein and claims DEFENDANT CARDINALE worked in concert with and did unlawfully arrest and/or detain GAYLORD for attempting to enter the Ada County Court House. GAYLORD had a right not to be arrested, as well as to enter the courthouse unmolested and without discrimination or prejudice. CARDINALE acted inappropriately and breached his legal duty. GAYLORD's Person was illegally seized by CARDINALE, which violated the 4th Amendment of the US Constitution, & Article 1, Sec 17 of the Idaho State Constitution.

## COUNT XII

### DEPRIVATION OF RIGHTS (42 USC Section 1983)

79) PLAINTIFF SMITH realleges an incorporation of all previous paragraphs inclusive as though they were fully set forth herein and claims as DEFENDANT CARDINALE worked in concert with and did unlawfully arrest and/or detain SMITH for attempting to enter the Ada County Court House. SMITH had a right not to be arrested, as well as to enter the courthouse unmolested and without discrimination or prejudice. CARDINALE acted inappropriately and breached his legal duty. SMITH's Person was illegally seized by GARDINALE, which violated the 4th Amendment of the US Constitution, & Article 1, Sec 17 of the Idaho State Constitution.

## COUNT XIII

### DEPRIVATION OF RIGHTS (42 USC Section 1983)

80) PLAINTIFF MARR realleges an incorporation of all previous paragraphs inclusive

COMPLAINT FOR DAMAGES CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. SECTION 1983, 1985 COMPENSATORY DAMAGES INJUNCTIVE RELIEF TRIAL BY JURY DEMAND - 17

as though they were fully set forth herein and claims as DEFENDANT SEPULVEDA worked in concert with and did unlawfully arrest and/or detain MARR for attempting to enter the Ada County Court House. MARR had a right not to be arrested, as well as to enter the courthouse unmolested and without discrimination or prejudice. SEPULVEDA acted inappropriately and breached his legal duty. MARR's Person was illegally seized by SEPULVEDA, which violated the *4th Amendment of the US Constitution, & Article 1, Sec 17 of the Idaho State Constitution.*

## COUNT XIV
## DEPRIVATION OF RIGHTS (42 USC Section 1983)

81) PLAINTIFF MARR realleges an incorporation of all previous paragraphs inclusive as though they were fully set forth herein and claims as DEFENDANT RICHARDS worked in concert with and did unlawfully arrest and/or detain MARR for attempting to enter the Ada County Court House. MARR had a right not to be arrested, as well as to enter the courthouse unmolested and without discrimination or prejudice. RICHARDS acted inappropriately and breached his legal duty. MARR's Person was illegally seized by RICHARDS, which violated the *4th Amendment of the S Constitution, & Article 1, Sec 17 of the Idaho State Constitution.*

## COUNT XV
## DEPRIVATION OF RIGHTS (42 USC Section 1983)

82) PLAINTIFF SMITH realleges an incorporation of all previous paragraphs inclusive as though they were fully set forth herein and claims as DEFENDANT BURRELL worked in concert with and did unlawfully arrest and/or detain SMITH for attempting to enter the Ada County Court House. SMITH had a right not to be arrested, as well as

COMPLAINT FOR DAMAGES CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. SECTION 1983, 1985 COMPENSATORY DAMAGES INJUNCTIVE RELIEF TRIAL BY JURY DEMAND - 18

to enter the courthouse unmolested and without discrimination or prejudice. BURRELL acted inappropriately and breached his legal duty. SMITH's Person was illegally seized by BURRELL, which violated the *4ᵗʰ Amendment of the US Constitution, & Article 1, Sec 17 of the Idaho State Constitution.*

## COUNT XVI
## DEPRIVATION OF RIGHTS (42 USC Section 1983)

83) PLAINTIFF GAYLORD realleges an incorporation of all previous paragraphs inclusive as though they were fully set forth herein and claims as DEFENDANT CASE worked in concert with and did unlawfully arrest and/or detain GAYLORD for attempting to enter the Ada County Court House. GAYLORD had a right not to be arrested, as well as to enter the courthouse unmolested and without discrimination or prejudice. CASE acted inappropriately and breached his legal duty. GAYLORD's Person was illegally seized by CASE, which violated the *4ᵗʰ Amendment of the US Constitution, & Article 1, Sec 17 of the Idaho State Constitution.*

## COUNT XVII
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (TORT)

84) GAYLORD realleges an incorporation of all previous paragraphs inclusive as though they were fully set forth herein and claims BENNETT knowingly and willfully with deliberate indifference, publicly scorned and humiliated GAYLORD by discriminating and using force and unnecessary violence against him.

85) BENNETT admits in his Sheriff's office Narrative report of prior knowledge of PLAINTIFFS, specifically identifying GAYLORD by name and their civil rights

COMPLAINT FOR DAMAGES CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. SECTION 1983, 1985 COMPENSATORY DAMAGES INJUNCTIVE RELIEF TRIAL BY JURY DEMAND - 19

activist group by name, in a meeting engaged in by several DEFENDANTS prior to this peaceful nonviolent protest, as well as admitting they had protested multiple times, never in violence. This planning meeting shows premeditation on the part of DEFENDANTS to act unlawfully against the PLAINTIFFS under color of law to chill their FREE SPEECH and EQUAL ACCESS demands, by criminalizing their lawful activity.

86) These actions by BENNETT included verbally ordering demeaning segregation of GAYLORD from the rest of the Public, threatening via abusive speech, stating false accusations to deploy the use intimidation and force by their armed OFFICER positions, using unnecessary force via bodily take downs to the ground.

87) GAYLORD sustained unnecessary force by BENNETT via a blow to the back while GAYLORD was on the ground and held by 2 officers.

88) BENNETT failed in his professional and personal conduct by willfully mistreating GAYLORD who has protected Rights to not be extremely emotionally abused when peacefully conducting Constitutionally protected activity, thereby causing Public Humiliation, Anguish, Emotional Distress and Loss of Worth. BENNETT acted inappropriately and breached his legal duty, causing injury, harm, and loss.

## COUNT XVIII
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(TORT)

89) MARR realleges an incorporation of all previous paragraphs inclusive as though they were fully set forth herein and claims BENNETT knowingly and willfully with deliberate indifference, publicly scorned and humiliated MARR by discriminating and

COMPLAINT FOR DAMAGES CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. SECTION 1983, 1985 COMPENSATORY DAMAGES INJUNCTIVE RELIEF TRIAL BY JURY DEMAND - 20

using force and unnecessary violence against her.

90) BENNETT admits in his Sheriff's office Narrative report of prior knowledge of PLAINTIFFS, specifically identifying PLAINTIFFS by name and their civil rights activist group in a meeting engaged in by DEFENDANTS prior to this peaceful nonviolent protest, as well as admitting they had protested multiple times, never in violence. This planning meeting shows premeditation on the part of DEFENDANTS to act unlawfully against the PLAINTIFFS under color of law to chill their FREE SPEECH and EQUAL ACCESS demands, by criminalizing their annoying but lawful behavior.

91) These actions by BENNETT included verbally ordering demeaning segregation of MARR from the rest of the Public, threatening via abusive speech, stating false accusations to deploy the use intimidation and force by their armed OFFICER positions, using unnecessary force via bodily take downs to the ground.

92) BENNETT failed in his professional and personal conduct by willfully mistreating MARR who has protected Rights to not be extremely emotionally abused when peacefully conducting Constitutionally protected activity, thereby causing Public Humiliation, Anguish, Emotional Distress and Loss of Worth. BENNETT acted inappropriately and breached his legal duty, causing injury, harm, and loss.

## COUNT XIX
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(TORT)

93) GAYLORD realleges an incorporation of all previous paragraphs inclusive as though they were fully set forth herein and claims WOOD knowingly and willfully with

COMPLAINT FOR DAMAGES CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. SECTION 1983, 1985 COMPENSATORY DAMAGES INJUNCTIVE RELIEF TRIAL BY JURY DEMAND - 21

deliberate indifference, publicly scorned and humiliated GAYLORD by discriminating and using force and unnecessary violence against him.

94) These actions by WOOD included verbally ordering demeaning segregation of GAYLORD from the rest of the Public, threatening via abusive speech, stating false accusations to deploy the use intimidation and force by their armed OFFICER positions, using unnecessary force via bodily take downs to the ground.

95) WOOD failed in his professional and personal conduct by willfully mistreating GAYLORD who has protected Rights to not be extremely emotionally abused when peacefully conducting Constitutionally protected activity, thereby causing Public Humiliation, Anguish, Emotional Distress and Loss of Worth. BENNETT acted inappropriately and breached his legal duty, causing injury, harm, and loss.

## COUNT XX
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

96) MARR realleges an incorporation of all previous paragraphs inclusive as though they were fully set forth herein and claims WOOD knowingly and willfully with deliberate indifference, publicly scorned and humiliated MARR by discriminating and using force and unnecessary violence against her.

97) These actions by WOOD included verbally ordering demeaning segregation of MARR from the rest of the Public, threatening via abusive speech, stating false accusations to deploy the use intimidation and force by their armed OFFICER positions, using unnecessary force via bodily take downs to the ground.

98) WOOD failed in his professional and personal conduct by willfully mistreating MARR who has protected Rights to not be extremely emotionally abused when

COMPLAINT FOR DAMAGES CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. SECTION 1983, 1985 COMPENSATORY DAMAGES INJUNCTIVE RELIEF TRIAL BY JURY DEMAND - 22

peacefully conducting Constitutionally protected activity, thereby causing Public Humiliation, Anguish, Emotional Distress and Loss of Worth. WOOD acted inappropriately and breached his legal duty, causing injury, harm, and loss.

## COUNT XXI
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

99) SMITH realleges an incorporation of all previous paragraphs inclusive as though they were fully set forth herein and claims WOOD knowingly and willfully with deliberate indifference, publicly scorned and humiliated SMITH by discriminating and using force and unnecessary violence against him.

100) These actions by WOOD included verbally ordering demeaning segregation of SMITH from the rest of the Public, threatening via abusive speech, stating false accusations to deploy the use intimidation and force by their armed OFFICER positions, using unnecessary force via bodily take downs to the ground.

101) WOOD failed in his professional and personal conduct by willfully mistreating SMITH who has protected Rights to not be extremely emotionally abused when peacefully conducting Constitutionally protected activity, thereby causing Public Humiliation, Anguish, Emotional Distress and Loss of Worth. WOOD acted inappropriately and breached his legal duty, causing injury, harm, and loss.

## COUNT XXII
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

102) GAYLORD realleges an incorporation of all previous paragraphs inclusive as though they were fully set forth herein and claims CARDINALE knowingly and willfully with deliberate indifference, publicly scorned and humiliated GAYLORD by

COMPLAINT FOR DAMAGES CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. SECTION 1983, 1985 COMPENSATORY DAMAGES INJUNCTIVE RELIEF TRIAL BY JURY DEMAND - 23

discriminating and using force and unnecessary violence against him.

103) These actions by CARDINALE included verbally ordering demeaning segregation of GAYLORD from the rest of the Public, threatening via abusive speech, stating false accusations to deploy the use intimidation and force by their armed OFFICER positions, using unnecessary force via bodily take downs to the ground.

104) CARDINALE failed in his professional and personal conduct by willfully mistreating GAYLORD who has protected Rights to not be extremely emotionally abused when peacefully conducting Constitutionally protected activity, thereby causing Public Humiliation, Anguish, Emotional Distress and Loss of Worth. CARDINALE acted inappropriately and breached his legal duty, causing injury, harm, and loss.

## COUNT XXIII
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

105) SMITH realleges an incorporation of all previous paragraphs inclusive as though they were fully set forth herein and claims CARDINALE knowingly and willfully with deliberate indifference, publicly scorned and humiliated SMITH by discriminating and using force and unnecessary violence against him.

106) These actions by CARDINALE included verbally ordering demeaning segregation of SMITH from the rest of the Public, threatening via abusive speech, stating false accusations to deploy the use intimidation and force by their armed OFFICER positions, using unnecessary force via bodily take downs to the ground.

107) CARDINALE failed in his professional and personal conduct by willfully mistreating SMITH who has protected Rights to not be extremely emotionally abused when peacefully conducting Constitutionally protected activity, thereby causing Public

COMPLAINT FOR DAMAGES CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. SECTION 1983, 1985 COMPENSATORY DAMAGES INJUNCTIVE RELIEF TRIAL BY JURY DEMAND - 24

Humiliation, Anguish, Emotional Distress and Loss of Worth. CARDINALE acted inappropriately and breached his legal duty, causing injury, harm, and loss.

## COUNT XXIV
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

108) SMITH realleges an incorporation of all previous paragraphs inclusive as though they were fully set forth herein and claims BAISCH knowingly and willfully with deliberate indifference, publicly scorned and humiliated SMITH by discriminating and using force and unnecessary violence against him.

109) These actions by BAISCH included verbally ordering demeaning segregation of SMITH from the rest of the Public, threatening via abusive speech, stating false accusations to deploy the use intimidation and force by their armed OFFICER positions, using unnecessary force via bodily take downs to the ground.

110) BAISCH failed in his professional and personal conduct by willfully mistreating SMITH who has protected Rights to not be extremely emotionally abused when peacefully conducting Constitutionally protected activity, thereby causing Public Humiliation, Anguish, Emotional Distress and Loss of Worth. BAISCH acted inappropriately and breached his legal duty, causing injury, harm, and loss.

## COUNT XXV
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

111) MARR realleges an incorporation of all previous paragraphs inclusive as though they were fully set forth herein and claims BAISCH knowingly and willfully with deliberate indifference, publicly scorned and humiliated MARR by discriminating and using force and unnecessary violence against her.

COMPLAINT FOR DAMAGES CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. SECTION 1983, 1985 COMPENSATORY DAMAGES INJUNCTIVE RELIEF TRIAL BY JURY DEMAND - 25

112) BAISCH admits in his Narrative report of prior knowledge of MARR, specifically identifying MARR by name and the Civil Rights activist group People's Rights, admitting they had protested here multiple times, never in violence. This admission shows premeditation on the part of DEFENDANTS to act unlawfully against the PLAINTIFFS under color of law to chill their FREE SPEECH and EQUAL ACCESS demands, by criminalizing their lawful activity.

113) These actions by BAISCH included verbally ordering demeaning segregation of MARR from the rest of the Public, threatening via abusive speech, stating false accusations to deploy the use intimidation and force by their armed OFFICER positions, using unnecessary force via bodily take downs to the ground.

114) BAISCH failed in his professional and personal conduct by willfully mistreating MARR who has protected Rights to not be extremely emotionally abused when peacefully conducting Constitutionally protected activity, thereby causing Public Humiliation, Anguish, Emotional Distress and Loss of Worth. BAISCH acted inappropriately and breached his legal duty, causing injury, harm, and loss.

## COUNT XXVI
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

115) GAYLORD realleges an incorporation of all previous paragraphs inclusive as though they were fully set forth herein and claims CASE knowingly and willfully with deliberate indifference, publicly scorned and humiliated GAYLORD by discriminating and using force and unnecessary violence against him.

116) These actions by CASE included verbally ordering demeaning segregation of GAYLORD from the rest of the Public, threatening via abusive speech, stating false

COMPLAINT FOR DAMAGES CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. SECTION 1983, 1985 COMPENSATORY DAMAGES INJUNCTIVE RELIEF TRIAL BY JURY DEMAND - 26

accusations to deploy the use intimidation and force by their armed OFFICER positions, using unnecessary force via bodily take downs to the ground.

117) CASE failed in his professional and personal conduct by willfully mistreating GAYLORD who has protected Rights to not be extremely emotionally abused when peacefully conducting Constitutionally protected activity, thereby causing Public Humiliation, Anguish, Emotional Distress and Loss of Worth. CASE acted inappropriately and breached his legal duty, causing injury, harm, and loss.

## COUNT XXVII
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

118) MARR realleges an incorporation of all previous paragraphs inclusive as though they were fully set forth herein and claims RICHARDS knowingly and willfully with deliberate indifference, publicly scorned and humiliated MARR by discriminating and using force and unnecessary violence against her.

119) These actions by RICHARDS included verbally ordering demeaning segregation of MARR from the rest of the Public, threatening via abusive speech, stating false accusations to deploy the use intimidation and force by their armed OFFICER positions, using unnecessary force via bodily take downs to the ground.

120) RICHARDS failed in his professional and personal conduct by willfully mistreating MARR who has protected Rights to not be extremely emotionally abused when peacefully conducting Constitutionally protected activity, thereby causing Public Humiliation, Anguish, Emotional Distress and Loss of Worth. RICHARDS acted inappropriately and breached his legal duty, causing injury, harm, and loss.

## COUNT XXVIII

COMPLAINT FOR DAMAGES CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. SECTION 1983, 1985 COMPENSATORY DAMAGES INJUNCTIVE RELIEF TRIAL BY JURY DEMAND - 27

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

121) SMITH realleges an incorporation of all previous paragraphs inclusive as though they were fully set forth herein and claims BURRELL knowingly and willfully with deliberate indifference, publicly scorned and humiliated SMITH by discriminating and using force and unnecessary violence against him.

122) These actions by BURRELL included verbally ordering demeaning segregation of SMITH from the rest of the Public, threatening via abusive speech, stating false accusations to deploy the use intimidation and force by their armed OFFICER positions, using unnecessary force via bodily take downs to the ground.

123) BURRELL failed in his professional and personal conduct by willfully mistreating SMITH who has protected Rights to not be extremely emotionally abused when peacefully conducting Constitutionally protected activity, thereby causing Public Humiliation, Anguish, Emotional Distress and Loss of Worth. BURRELL acted inappropriately and breached his legal duty, causing injury, harm, and loss.

## COUNT XXIX
## DEFAMATION

124) MARR realleges an incorporation of all previous paragraphs inclusive as though they were fully set forth herein and claims her (4) State License(s) is/are in jeopardy because of this unlawful and illegal arrest, and this has directly caused financial loss already, and can ultimately result in the loss of her source of income and profession by the loss of her License. This threat to MARR'S liberty and/or property is a direct result of improper orders, guidelines, procedures, policies, and customs promulgated and adopted by JUDICIARY COURTS OF THE STATE OF IDAHO.

COMPLAINT FOR DAMAGES CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. SECTION 1983, 1985 COMPENSATORY DAMAGES INJUNCTIVE RELIEF TRIAL BY JURY DEMAND - 28

125) MARR was denied a NONRESIDENT License for Kansas (she is licensed in Idaho, Oregon, Florida, & Arkansas), and this denial was for no other reason than the pending charges against her. This denial is a reportable Administrative Action which can have a snowball effect of contract withdrawals and denials with insurance companies (she is contracted with dozens) as well as State NONRESIDENT reciprocating License denials. MARR has never been denied contracting with any insurance company or any State License in her 7 years of this career, until DEFENDANTS illegal actions against her under Color of Law.

126) MARR was denied contracting with Cincinnati Life, and TransAmerica Life for no other reason than this false arrest and being named in a criminal complaint. This resulted in the loss of direct compensation, as well as defamation, forcing the clients to have to rewrite each policy with one of her colleagues. MARR had a right not to be subjected to monetary loss and public humiliation to her spotless record for conducting Constitutionally protected activity. COURTHOUSE'S policies are a direct cause in the defamation of MARR.

## COUNT XXX
## DEFAMATION

127) MARR realleges an incorporation of all previous paragraphs inclusive as though they were fully set forth herein and claims her 4 State License(s) is in jeopardy because of this unlawful and illegal arrest, and this has directly caused financial loss already and can ultimately result in the loss of her source of income and profession by the loss of her License. This threat to MARRS liberty and/or property is a direct result of improper orders, guidelines, procedures, policies, and customs promulgated and

COMPLAINT FOR DAMAGES CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. SECTION 1983, 1985 COMPENSATORY DAMAGES INJUNCTIVE RELIEF TRIAL BY JURY DEMAND - 29

adopted by ADA COUNTY.

128) MARR was denied a NONRESIDENT License for Kansas (she is licensed in Idaho, Oregon, Florida, & Arkansas), and this denial was for no other reason than the pending charges against her. This denial is a reportable Administrative Action which can have a snowball effect of contract withdrawals and denials with insurance companies (she is contracted with dozens) as well as State NONRESIDENT reciprocating License denials. MARR has never been denied contracting with any insurance company or any State License in her 7 years of this career, until DEFENDANTS illegal actions against her under Color of Law.

129) MARR was denied contracting with Cincinnati Life, and TransAmerica Life for no other reason than this false arrest and being named in a criminal complaint. This resulted in the loss of direct compensation, as well as defamation, forcing the clients to have to rewrite each policy with one of her colleagues. MARR had a right not to be subjected to monetary loss and public humiliation to her spotless record. ADA COUNTY's policies are a direct cause in the defamation of MARR.

## COUNT XXXI
## NEGLIGENCE

130) GAYLORD realleges an incorporation of all previous paragraphs inclusive as though they were fully set forth herein and claims as DEFENDANT MACLEOD as the proximate cause of injury, did willfully and knowingly breach his duty as a sworn Officer to uphold his Oath of Office to said Constitutions, and failed to act, in addition to failing to implement proper procedural protocol in which inalienable rights are protected by denying GAYLORD Free Speech and Assembly, Executing False

COMPLAINT FOR DAMAGES CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. SECTION 1983, 1985 COMPENSATORY DAMAGES INJUNCTIVE RELIEF TRIAL BY JURY DEMAND - 30

Imprisonment, Forced Confinement, which directly caused Public Humiliation and intentional infliction of Emotional Duress against GAYLORD. MACLEOD failed in his duty to properly investigate the arrest. This conduct caused injury to GAYLORD because of MACLEODS failure to act in a proper manner

## COUNT XXXII
## NEGLIGENCE

131) MARR realleges an incorporation of all previous paragraphs inclusive as though they were fully set forth herein and claims as DEFENDANT MACLEOD as the proximate cause of injury, did willfully and knowingly breach his duty as a sworn Officer to uphold his Oath of Office to said Constitutions, and neglected to implement proper procedural protocol in which inalienable rights are protected by denying MARR Free Speech and Assembly, Executing False Imprisonment, Forced Confinement, Public Humiliation and intentional infliction of Emotional Duress against MARR. This conduct caused injury to MARR because of MACLEODS failure to act in a proper manner.

## COUNT XXXIII
## NEGLIGENCE

132) SMITH realleges an incorporation of all previous paragraphs inclusive as though they were fully set forth herein and claims as DEFENDANT MACLEOD as the proximate cause of injury, did willfully and knowingly breach his duty as a sworn Officer to uphold his Oath of Office to said Constitutions, and failed to act, as well as neglected to implement proper procedural protocol in which inalienable rights are protected by denying SMITH Free Speech and Assembly, Executing False

COMPLAINT FOR DAMAGES CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. SECTION 1983, 1985 COMPENSATORY DAMAGES INJUNCTIVE RELIEF TRIAL BY JURY DEMAND - 31

Imprisonment, Forced Confinement, which directly caused Public Humiliation and intentional infliction of Emotional Duress against SMITH. MACLEOD failed in his duty to properly investigate the arrest. This conduct caused injury to SMITH because of MACLEODS failure to act in a proper manner.

## COUNT XXXIV
## NEGLIGENCE

133) GAYLORD realleges an incorporation of all previous paragraphs inclusive as though they were fully set forth herein and claims as DEFENDANT WOOD as the proximate cause of injury, did willfully and knowingly breach his duty as a sworn Officer to uphold his Oath of Office to said Constitutions, by failing to act, and by neglecting to implement proper procedural protocol in which inalienable rights are protected, by denying GAYLORD Free Speech and Assembly, Executing False Imprisonment, Forced Confinement, which directly caused Public Humiliation and intentional infliction of Emotional Duress against GAYLORD. This conduct caused injury to GAYLORD because of WOODS failure to act in a proper manner.

## COUNT XXXV
## NEGLIGENCE

134) MARR realleges an incorporation of all previous paragraphs inclusive as though they were fully set forth herein and claims as DEFENDANT WOOD as the proximate cause of injury, did willfully and knowingly breach his duty as a sworn Officer to uphold his Oath of Office to said Constitutions, by failing to act, and neglected to implement proper procedural protocol in which inalienable rights are protected by denying MARR Free Speech and Assembly, Executing False Imprisonment, Forced

COMPLAINT FOR DAMAGES CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. SECTION 1983, 1985 COMPENSATORY DAMAGES INJUNCTIVE RELIEF TRIAL BY JURY DEMAND - 32

Confinement, which directly caused Public Humiliation and intentional infliction of Emotional Duress against MARR. This conduct caused injury to MARR because of WOODS failure to act in a proper manner.

## COUNT XXXVI
## NEGLIGENCE

135) SMITH realleges an incorporation of all previous paragraphs inclusive as though they were fully set forth herein and claims as DEFENDANT WOOD as the proximate cause of injury, did willfully and knowingly breach his duty as a sworn Officer to uphold his Oath of Office to said Constitutions, failure to act, and neglected to implement proper procedural protocol in which inalienable rights are protected by denying SMITH Free Speech and Assembly, Executing False Imprisonment, Forced Confinement, which directly caused Public Humiliation and intentional infliction of Emotional Duress against SMITH. This conduct caused injury to SMITH because of WOODS failure to act in a proper manner.

## COUNT XXXVII
## NEGLIGENCE

136) GAYLORD realleges an incorporation of all previous paragraphs inclusive as though they were fully set forth herein and claims as DEFENDANT BENNETT as the proximate cause of injury, did willfully and knowingly breach his duty as a sworn Officer to uphold his Oath of Office to said Constitutions, by failure to act, and BENNETT neglected to implement proper procedural protocol in which inalienable rights are protected by denying GAYLORD Free Speech and Assembly, Executing False Imprisonment, Forced Confinement, which directly caused Public Humiliation

COMPLAINT FOR DAMAGES CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. SECTION 1983, 1985 COMPENSATORY DAMAGES INJUNCTIVE RELIEF TRIAL BY JURY DEMAND - 33

and intentional infliction of Emotional Duress against GAYLORD. This conduct caused injury to GAYLORD because of BENNETTS failure to act in a proper manner.

## COUNT XXXVIII
### NEGLIGENCE

137) MARR realleges an incorporation of all previous paragraphs inclusive as though they were fully set forth herein and claims as DEFENDANT BENNETT as the proximate cause of injury, did willfully and knowingly breach his duty as a sworn Officer to uphold his Oath of Office to said Constitutions, by failure to act, and BENNETT neglected to implement proper procedural protocol in which inalienable rights are protected by denying MARR Free Speech and Assembly, Executing False Imprisonment, Forced Confinement, which directly caused Public Humiliation and intentional infliction of Emotional Duress against MARR. This conduct caused injury to MARR because of BENNETTS failure to act in a proper manner.

## COUNT XXXIX
### NEGLIGENCE

138) MARR realleges an incorporation of all previous paragraphs inclusive as though they were fully set forth herein and claims as DEFENDANT BAISCH as the proximate cause of injury, did willfully and knowingly breach his duty as a sworn Officer to uphold his Oath of Office to said Constitutions, by failure to act, and by neglecting to implement proper procedural protocol in which inalienable rights are protected by denying MARR Free Speech and Assembly, Executing False Imprisonment, Forced Confinement, which directly caused Public Humiliation and intentional infliction of Emotional Duress against MARR. This conduct caused injury to MARR because of

COMPLAINT FOR DAMAGES CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. SECTION 1983, 1985 COMPENSATORY DAMAGES INJUNCTIVE RELIEF TRIAL BY JURY DEMAND - 34

BAISCHS failure to act in a proper manner.

## COUNT XL
## NEGLIGENCE

139) SMITH realleges an incorporation of all previous paragraphs inclusive as though they were fully set forth herein and claims as DEFENDANT BAISCH as the proximate cause of injury, did willfully and knowingly breach his duty as a sworn Officer to uphold his Oath of Office to said Constitutions, by failure to act, by neglecting to implement proper procedural protocol in which inalienable rights are protected by denying SMITH Free Speech and Assembly, Executing False Imprisonment, Forced Confinement, which directly caused Public Humiliation and intentional infliction of Emotional Duress against SMITH. This conduct caused injury to SMITH because of BAISCHS failure to act in a proper manner.

## COUNT XLI
## NEGLIGENCE

140) SMITH realleges an incorporation of all previous paragraphs inclusive as though they were fully set forth herein and claims as DEFENDANT CARDINALE as the proximate cause of injury, did willfully and knowingly breach his duty as a sworn Officer to uphold his Oath of Office to said Constitutions, by failure to act and by neglecting to implement proper procedural protocol in which inalienable rights are protected by denying SMITH Free Speech and Assembly, Executing False Imprisonment, Forced Confinement, which directly caused Public Humiliation and intentional infliction of Emotional Duress against SMITH. This conduct caused injury to SMITH because of CARDINALES failure to act in a proper manner.

COMPLAINT FOR DAMAGES CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. SECTION 1983, 1985 COMPENSATORY DAMAGES INJUNCTIVE RELIEF TRIAL BY JURY DEMAND - 35

## COUNT XLII
## NEGLIGENCE

141) GAYLORD realleges an incorporation of all previous paragraphs inclusive as though they were fully set forth herein and claims as DEFENDANT CARDINALE as the proximate cause of injury, did willfully and knowingly breach his duty as a sworn Officer to uphold his Oath of Office to said Constitutions, by failure to act, and by neglecting to implement proper procedural protocol in which inalienable rights are protected by denying GAYLORD Free Speech and Assembly, Executing False Imprisonment, Forced Confinement, which directly caused Public Humiliation and intentional infliction of Emotional Duress against GAYLORD. This conduct caused injury to GAYLORD because of CARDINALES failure to act in a proper manner.

## COUNT XLIII
## NEGLIGENCE

142) GAYLORD realleges an incorporation of all previous paragraphs inclusive as though they were fully set forth herein and claims as DEFENDANT CASE as the proximate cause of injury, did willfully and knowingly breach his duty as a sworn Officer to uphold his Oath of Office to said Constitutions, Failure to act, and by neglecting to implement proper procedural protocol in which inalienable rights are protected by denying GAYLORD Free Speech and Assembly, Executing False Imprisonment, Forced Confinement, which directly caused Public Humiliation and intentional infliction of Emotional Duress against GAYLORD. This conduct caused injury to GAYLORD because of CASES failure to act in a proper manner.

## COUNT XLIV

COMPLAINT FOR DAMAGES CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. SECTION 1983, 1985 COMPENSATORY DAMAGES INJUNCTIVE RELIEF TRIAL BY JURY DEMAND - 36

## NEGLIGENCE

143) MARR realleges an incorporation of all previous paragraphs inclusive as though they were fully set forth herein and claims as DEFENDANT RICHARDS as the proximate cause of injury, did willfully and knowingly breach his duty as a sworn Officer to uphold his Oath of Office to said Constitutions, by Failure to Act, and RICHARDS neglected to implement proper procedural protocol in which inalienable rights are protected by denying MARR Free Speech and Assembly, Executing False Imprisonment, Forced Confinement, which directly caused Public Humiliation and intentional infliction of Emotional Duress against MARR. This conduct caused injury to MARR because of RICHARDS failure to act in a proper manner.

## COUNT XLV
## NEGLIGENCE

144) MARR realleges an incorporation of all previous paragraphs inclusive as though they were fully set forth herein and claims as DEFENDANT SEPULVEDA as the proximate cause of injury, did willfully and knowingly breach his duty as a sworn Officer to uphold his Oath of Office to said Constitutions, by Failure to Act, and SEPULVEDA neglected to implement proper procedural protocol in which inalienable rights are protected by denying MARR Free Speech and Assembly, Executing False Imprisonment, Forced Confinement, which directly caused Public Humiliation and intentional infliction of Emotional Duress against MARR. This conduct caused injury to MARR because of SEPULVEDAS failure to act in a proper manner.

## COUNT XLVI
## NEGLIGENCE

COMPLAINT FOR DAMAGES CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. SECTION 1983, 1985 COMPENSATORY DAMAGES INJUNCTIVE RELIEF TRIAL BY JURY DEMAND - 37

145) SMITH realleges an incorporation of all previous paragraphs inclusive as though they were fully set forth herein and claims as DEFENDANT BURRELL as the proximate cause of injury, did willfully and knowingly breach his duty as a sworn Officer to uphold his Oath of Office to said Constitutions, by Failure to Act, and by neglecting to implement proper procedural protocol in which inalienable rights are protected by denying SMITH Free Speech and Assembly, Executing False Imprisonment, Forced Confinement, which directly caused Public Humiliation and intentional infliction of Emotional Duress against SMITH. This conduct caused injury to SMITH because of BURRELLS failure to act in a proper manner.

## COUNT XLVII
## DEPRIVATION OF RIGHTS (DUE PROCESS)

146) GAYLORD realleges an incorporation of all previous paragraphs inclusive as though they were fully set forth herein and claims as DEFENDANT ADA COUNTY via their implemented policies, practices, procedures, orders and guidance documents, deprived GAYLORD the Due Process Right to enter the Courthouse, free from any FREE SPEECH, Medical, or Attire based discrimination (not indecent exposure).

147) COUNTY Administrators promulgated an unlawful Rule and OFFICERS enforced it as law, which abridged the privileges or immunities of a certain class of citizens to freely access Ada County Buildings, including the Courthouse. This rule has allowed the deprivation of access to the Equal Protection of the Law to certain healthy persons within its jurisdiction. (*14th Amendment of US Constitution.*)

148) PLAINTIFFS were all treated as SEPARATE BUT EQUAL, but not equal, as they were deprived access to the Courthouse, in person to face their accuser, being

COMPLAINT FOR DAMAGES CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. SECTION 1983, 1985 COMPENSATORY DAMAGES INJUNCTIVE RELIEF TRIAL BY JURY DEMAND - 38

forced into electronic and telephonic interactions with the COURTHOUSE, under threat of arrest, despite PLAINTIFF(s) claiming to maintain their State Constitutional Right to equal access, that the Courts SHALL be open to every person. COUNTY'S policies, practices, procedures, rules, orders, and guidance documents were created by and for receiving unlawful emoluments in the form of Federal funds to incentivize COUNTY to deny guaranteed and protected Rights. GAYLORD was not infected with or carrying any communicable or infectious disease, therefore any health regulation adopted into this order cannot be lawfully applied to a healthy individual because limited authorities granted to HEALTH DEPARTMENT is granted only for sick individuals. These policies are direct link cause of injury to PLAINTIFF(s). Further, COUNTY is responsible for inadequate training and inadequate supervision of DEFENDANTS.

## COUNT XLVIII
## DEPRIVATION OF RIGHTS (DUE PROCESS)

148) MARR realleges an incorporation of all previous paragraphs inclusive as though they were fully set forth herein and claims as DEFENDANT ADA COUNTY via their implemented policies, practices, procedures, orders and guidance documents, deprived MARR the Due Process Right to enter the Courthouse, free from any FREE SPEECH, Medical, or Attire based discrimination (not indecent exposure).

149) COUNTY Administrators promulgated an unlawful Rule and OFFICERS enforced it as law, which abridged the privileges or immunities of a certain class of citizens to freely access Ada County Buildings, including the Courthouse. This rule has allowed the deprivation of access to the Equal Protection of the Law to certain healthy persons

COMPLAINT FOR DAMAGES CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. SECTION 1983, 1985 COMPENSATORY DAMAGES INJUNCTIVE RELIEF TRIAL BY JURY DEMAND - 39

within its jurisdiction. (*14th Amendment of US Constitution.*)

150) PLAINTIFFS were all treated as SEPARATE BUT EQUAL, but not equal, as they were deprived access to the Courthouse, in person to face their accuser, being forced into electronic and telephonic interactions with the COURTHOUSE, under threat of arrest, despite PLAINTIFF(s) claiming to maintain their State Constitutional Right to equal access, that the Courts SHALL be open to every person. COUNTY'S policies, practices, procedures, rules, orders, and guidance documents were created by and for receiving unlawful emoluments in the form of Federal funds to incentivize COUNTY to deny guaranteed and protected Rights. MARR was not infected with or carrying any communicable or infectious disease, therefore any health regulation adopted into this order cannot be lawfully applied to a healthy individual because limited authorities granted to HEALTH DEPARTMENT is granted only for sick individuals. These policies are direct link cause of injury to PLAINTIFF(s). Further, COUNTY is responsible for inadequate training and inadequate supervision of DEFENDANTS.

## COUNT XLIX
## DEPRIVATION OF RIGHTS (DUE PROCESS)

151) SMITH realleges an incorporation of all previous paragraphs inclusive as though they were fully set forth herein and claims as DEFENDANT ADA COUNTY via their implemented policies, practices, procedures, orders and guidance documents, deprived SMITH the Due Process Right to enter the Courthouse, free from any FREE SPEECH, Medical, or Attire based discrimination (not indecent exposure).

152) COUNTY Administrators promulgated an unlawful Rule and OFFICERS enforced

COMPLAINT FOR DAMAGES CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. SECTION 1983, 1985 COMPENSATORY DAMAGES INJUNCTIVE RELIEF TRIAL BY JURY DEMAND - 40

it as law, which abridged the privileges or immunities of a certain class of citizens to freely access Ada County Buildings, including the Courthouse. This rule has allowed the deprivation of access to the Equal Protection of the Law to certain healthy persons within its jurisdiction. (*14th Amendment of US Constitution.*)

153) PLAINTIFFS were all treated as SEPARATE BUT EQUAL, but not equal, as they were deprived access to the Courthouse, in person to face their accuser, being forced into electronic and telephonic interactions with the COURTHOUSE, under threat of arrest, despite PLAINTIFF(s) claiming to maintain their State Constitutional Right to equal access, that the Courts SHALL be open to every person. COUNTY'S policies, practices, procedures, rules, orders, and guidance documents were created by and for receiving unlawful emoluments in the form of Federal funds to incentivize COUNTY to deny guaranteed and protected Rights. SMITH was not infected with or carrying any communicable or infectious disease, therefore any health regulation adopted into this order cannot be lawfully applied to a healthy individual because limited authorities granted to HEALTH DEPARTMENT is granted only for sick individuals. These policies are direct link cause of injury to PLAINTIFF(s). Further, COUNTY is responsible for inadequate training and inadequate supervision of DEFENDANTS.

## COUNT L
## DEPRIVATION OF RIGHTS (DUE PROCESS)

154) GAYLORD realleges an incorporation of all previous paragraphs inclusive as though they were fully set forth herein and claims as DEFENDANT JUDICIARY COURTS OF THE STATE OF IDAHO, "COURTHOUSE" via their implemented

COMPLAINT FOR DAMAGES CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. SECTION 1983, 1985 COMPENSATORY DAMAGES INJUNCTIVE RELIEF TRIAL BY JURY DEMAND - 41

policies, practices, procedures, orders and guidance documents, deprived GAYLORD the Due Process Right to enter the Courthouse, free from any FREE SPEECH, Medical, or Attire based discrimination (not indecent exposure).

155) COURTHOUSE Administrators promulgated an unlawful Rule and OFFICERS enforced it as law, which abridged the privileges or immunities of a certain class of citizens to freely access Ada County Buildings, including the Courthouse. This rule has allowed the deprivation of access to the Equal Protection of the Law to certain healthy persons within its jurisdiction. (*14th Amendment of US Constitution.*)

156) PLAINTIFFS were all treated as SEPARATE BUT EQUAL, but not equal, as they were deprived access to the Courthouse, in person to face their accuser, being forced into electronic and telephonic interactions with the COURTHOUSE, under threat of arrest, despite PLAINTIFF(s) claiming to maintain their State Constitutional Right to equal access, that the Courts SHALL be open to every person.

157) COURTHOUSE'S policies, practices, procedures, rules, orders, and guidance documents were created by and for receiving unlawful emoluments in the form of Federal funds to incentivize COURTHOUSE to deny guaranteed and protected Rights. GAYLORD was not infected with or carrying any communicable or infectious disease, therefore any health regulation adopted into this order cannot be lawfully applied to a healthy individual because limited authorities granted to HEALTH DEPARTMENT is granted only for sick individuals. These policies are direct link cause of injury to PLAINTIFF(s). Further, COURTHOUSE is responsible for inadequate training and inadequate supervision of DEFENDANTS.

COMPLAINT FOR DAMAGES CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. SECTION 1983, 1985 COMPENSATORY DAMAGES INJUNCTIVE RELIEF TRIAL BY JURY DEMAND - 42

## COUNT LI
## DEPRIVATION OF RIGHTS (DUE PROCESS)

158) MARR realleges an incorporation of all previous paragraphs inclusive as though they were fully set forth herein and claims as DEFENDANT COURTHOUSE via their implemented policies, practices, procedures, orders and guidance documents, deprived MARR the Due Process Right to enter the Courthouse, free from any FREE SPEECH, Medical, or Attire based discrimination (not indecent exposure).

159) COURTHOUSE Administrators promulgated an unlawful Rule and OFFICERS enforced it as law, which abridged the privileges or immunities of a certain class of citizens to freely access Ada County Buildings, including the Courthouse. This rule has allowed the deprivation of access to the Equal Protection of the Law to certain healthy persons within its jurisdiction. (*14th Amendment of US Constitution.*)

160) PLAINTIFFS were all treated as SEPARATE BUT EQUAL, but not equal, as they were deprived access to the Courthouse, in person to face their accuser, being forced into electronic and telephonic interactions with the COURTHOUSE, under threat of arrest, despite PLAINTIFF(s) claiming to maintain their State Constitutional Right to equal access, that the Courts SHALL be open to every person.

161) COURTHOUSE'S policies, practices, procedures, rules, orders, and guidance documents were created by and for receiving unlawful emoluments in the form of Federal funds to incentivize COURTHOUSE to deny guaranteed and protected Rights. MARR was not infected with or carrying any communicable or infectious disease, therefore any health regulation adopted into this order cannot be lawfully applied to a healthy individual because limited authorities granted to HEALTH DEPARTMENT is

COMPLAINT FOR DAMAGES CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. SECTION 1983, 1985 COMPENSATORY DAMAGES INJUNCTIVE RELIEF TRIAL BY JURY DEMAND - 43

granted only for sick individuals. These policies are direct link cause of injury to PLAINTIFF(s). Further, COURTHOUSE is responsible for inadequate training and inadequate supervision of DEFENDANTS.

## COUNT LII
## DEPRIVATION OF RIGHTS (DUE PROCESS)

162) SMITH realleges an incorporation of all previous paragraphs inclusive as though they were fully set forth herein and claims as DEFENDANT COURTHOUSE via their implemented policies, practices, procedures, orders and guidance documents, deprived SMITH the Due Process Right to enter the Courthouse, free from any FREE SPEECH, Medical, or Attire based discrimination (not indecent exposure).

163) COURTHOUSE Administrators promulgated an unlawful Rule and OFFICERS enforced it as law, which abridged the privileges or immunities of a certain class of citizens to freely access Ada County Buildings, including the Courthouse. This rule has allowed the deprivation of access to the Equal Protection of the Law to certain healthy persons within its jurisdiction. (*14th Amendment of US Constitution.*)

164) PLAINTIFFS were all treated as SEPARATE BUT EQUAL, but not equal, as they were deprived access to the Courthouse, in person to face their accuser, being forced into electronic and telephonic interactions with the COURTHOUSE, under threat of arrest, despite PLAINTIFF(s) claiming to maintain their State Constitutional Right to equal access, that the Courts SHALL be open to every person.

165) COURTHOUSE'S policies, practices, procedures, rules, orders, and guidance documents were created by and for receiving unlawful emoluments in the form of Federal funds to incentivize COURTHOUSE to deny guaranteed and protected Rights.

COMPLAINT FOR DAMAGES CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. SECTION 1983, 1985 COMPENSATORY DAMAGES INJUNCTIVE RELIEF TRIAL BY JURY DEMAND - 44

SMITH was not infected with or carrying any communicable or infectious disease, therefore any health regulation adopted into this order cannot be lawfully applied to a healthy individual because limited authorities granted to HEALTH DEPARTMENT is granted only for sick individuals. These policies are direct link cause of injury to PLAINTIFF(s). Further, COURTHOUSE is responsible for inadequate training and inadequate supervision of DEFENDANTS.

## COUNT LIII
## DEPRIVATION OF RIGHTS (DUE PROCESS)

166) MARR was deprived of the Right to be taken before a Magistrate by ADA COUNTY or COURTHOUSE to be arraigned in a timely manner after her False arrest by MACLEOD. The Fourth Amendment "requires a prompt judicial determination of probable cause following an arrest made without a warrant and ensuing detention." *Powell v. Nevada, 511 U.S. 79, 80 (1994)*. An arrestee "is entitled under the Fourth Amendment to a hearing at which he is presented with the probable cause of his arrest within forty-eight hours of the arrest." *Benson v. Chappell, 958 F.3d 801, 823 (9th Cir. 2020)*. "[A]bsent extraordinary circumstances, a longer delay violates the Fourth Amendment." *Powell, 511 U.S. at 80.*

## COUNT LIV
## DEPRIVATION OF RIGHTS (DUE PROCESS)

167) SMITH was deprived of the Right to be taken before a Magistrate by ADA COUNTY or COURTHOUSE and be arraigned in a timely manner after his False arrest by MACLEOD. The Fourth Amendment "requires a prompt judicial determination of probable cause following an arrest made without a warrant and ensuing detention."

COMPLAINT FOR DAMAGES CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. SECTION 1983, 1985 COMPENSATORY DAMAGES INJUNCTIVE RELIEF TRIAL BY JURY DEMAND - 45

*Powell v. Nevada, 511 U.S. 79, 80 (1994)*. An arrestee "is entitled under the Fourth Amendment to a hearing at which he is presented with the probable cause of his arrest within forty-eight hours of the arrest." *Benson v. Chappell, 958 F.3d 801, 823 (9th Cir. 2020)*. "[A]bsent extraordinary circumstances, a longer delay violates the Fourth Amendment." *Powell, 511 U.S. at 80*.

## COUNT LV
## FALSE ARREST

(TORT)

168) PLAINTIFFS GAYLORD, MARR, and SMITH reallege(s) an incorporation of all previous paragraphs inclusive as though they were fully set forth herein and claims MACLEOD worked in collusion, and did without warning and unprovoked, execute false arrests, in which equates to Assault and Battery on PLAINTIFFS. PLAINTIFFS had a right to conduct lawful activity on public property without being discriminated against and unmolested. MACLEOD had a duty to properly investigate and protect PLAINTIFFS rights but breached that by placing them under arrest. This arrest directly caused injury harm and loss to PLAINTIFFs.

## COUNT LVI
## FALSE ARREST

169) PLAINTIFF(S) GAYLORD, MARR & SMITH reallege(s) an incorporation of all previous paragraphs inclusive as though they were fully set forth herein and claims WOOD worked in collusion, and did without warning and unprovoked, execute false arrests, in which equates to Assault and Battery on PLAINTIFFS. PLAINTIFFS had a right to conduct lawful activity on public property without being discriminated against

COMPLAINT FOR DAMAGES CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. SECTION 1983, 1985 COMPENSATORY DAMAGES INJUNCTIVE RELIEF TRIAL BY JURY DEMAND - 46

and unmolested. WOOD had a duty to properly investigate and protect PLAINTIFFS rights but breached that by placing them under arrest. This arrest directly caused injury harm and loss to PLAINTIFFs.

## COUNT LVII
## FALSE ARREST

170) PLAINTIFF GAYLORD & MARR reallege(s) an incorporation of all previous paragraphs inclusive as though they were fully set forth herein and claims BENNETT worked in collusion, and did without warning and unprovoked, execute false arrests, in which equates to Assault and Battery on PLAINTIFF(s). PLAINTIFFS had a right to conduct lawful activity on public property without being discriminated against and unmolested. BENNETT had a duty to properly investigate and protect PLAINTIFFS rights but breached that by placing them under arrest. This arrest directly caused injury harm and loss to PLAINTIFFs.

## COUNT LVIII
## FALSE ARREST

171) PLAINTIFF(S) MARR & SMITH reallege(s) an incorporation of all previous paragraphs inclusive as though they were fully set forth herein and claims BAISCH worked in collusion, and did without warning and unprovoked, execute false arrests, in which equates to Assault and Battery on PLAINTIFF. PLAINTIFFS had a right to conduct lawful activity on public property without being discriminated against and unmolested. BAICSH had a duty to properly investigate and protect PLAINTIFFS rights but breached that by placing them under arrest. This arrest directly caused injury harm and loss to PLAINTIFFs.

COMPLAINT FOR DAMAGES CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. SECTION 1983, 1985 COMPENSATORY DAMAGES INJUNCTIVE RELIEF TRIAL BY JURY DEMAND - 47

## COUNT LIX
## FALSE ARREST

172) PLAINTIFF(S) GAYLORD & SMITH reallege(s) an incorporation of all previous paragraphs inclusive as though they were fully set forth herein and claims CARDINALE worked in collusion, and did without warning and unprovoked, execute false arrests, in which equates to Assault and Battery on PLAINTIFF. PLAINTIFFS had a right to conduct lawful activity on public property without being discriminated against and unmolested. CARDINALE had a duty to properly investigate and protect PLAINTIFFS rights but breached that by placing them under arrest. This arrest directly caused injury harm and loss to PLAINTIFFs.

## COUNT LX
## FALSE ARREST

173) PLAINTIFF GAYLORD realleges an incorporation of all previous paragraphs inclusive as though they were fully set forth herein and claims CASE worked in collusion, and did without warning and unprovoked, execute false arrest, in which equates to Assault and Battery on PLAINTIFF. GAYLORD had a right to conduct lawful activity on public property without being discriminated against and unmolested. CASE had a duty to properly investigate and protect PLAINTIFFS rights but breached that by placing them under arrest. This arrest directly caused injury harm and loss to GAYLORD.

## COUNT LXI
## FALSE ARREST

174) PLAINTIFF SMITH realleges an incorporation of all previous paragraphs inclusive as though they were fully set forth herein and claims BURRELL worked in

COMPLAINT FOR DAMAGES CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. SECTION 1983, 1985 COMPENSATORY DAMAGES INJUNCTIVE RELIEF TRIAL BY JURY DEMAND - 48

collusion, and did without warning and unprovoked, execute false arrests, in which equates to Assault and Battery on PLAINTIFFS. SMITH had a right to conduct lawful activity on public property without being discriminated against and unmolested. BURRELL had a duty to properly investigate and protect PLAINTIFFS rights but breached that by placing them under arrest. This arrest directly caused injury harm and loss to SMITH.

## COUNT LXII
## FALSE ARREST

175) PLAINTIFF MARR realleges an incorporation of all previous paragraphs inclusive as though they were fully set forth herein and claims RICHARDS worked in collusion, and did without warning and unprovoked, execute false arrests, in which equates to Assault and Battery on PLAINTIFFS. MAR had a right to conduct lawful activity on public property without being discriminated against and unmolested. RICHARDS had a duty to properly investigate and protect PLAINTIFFS rights but breached that by placing them under arrest. This arrest directly caused injury harm and loss to MARR.

## COUNT LXIII
## FALSE ARREST

176) PLAINTIFF MARR realleges an incorporation of all previous paragraphs inclusive as though they were fully set forth herein and claims SEPULVEDA worked in collusion, and did without warning and unprovoked, execute false arrests, in which equates to Assault and Battery on PLAINTIFFS. MAR had a right to conduct lawful activity on public property without being discriminated against and unmolested.

COMPLAINT FOR DAMAGES CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. SECTION 1983, 1985 COMPENSATORY DAMAGES INJUNCTIVE RELIEF TRIAL BY JURY DEMAND - 49

SEPULVEDA had a duty to properly investigate and protect PLAINTIFFS rights but breached that by placing them under arrest. This arrest directly caused injury harm and loss to MARR.

## COUNT LXIX
## FALSE ARREST

177) PLAINTIFF MARR realleges an incorporation of all previous paragraphs inclusive as though they were fully set forth herein and claims STOFFERAHN worked in collusion, and did without warning and unprovoked, execute false arrests, in which equates to Assault and Battery on PLAINTIFFS. MARR had a right to conduct lawful activity on public property without being discriminated against and unmolested. STOFFERAHN had a duty to properly investigate and protect PLAINTIFFS rights but breached that by placing them under arrest. This arrest directly caused injury harm and loss to MARR.

## PRAYER OF RELIEF
## WHEREFORE, PLAINTIFFS SEEK RELIEF IN THE FORM OF

**A.** Compensatory Damages against DEFENDANTS, for $250,000 each for constitutional violations (see 18 USC 3571).

**B.** Compensatory Damages against DEFENDANTS for $100,000 for each tort injury.

**C.** The right to amend this complaint as warranted by further evidence and fact finding that comes through discovery.

**D.** Declaratory Relief applicable to all DEFENDANTS. This includes but is not limited to a change of policies, practices, customs, and actions of ADA COUNTY and ADA COUNTY COURT HOUSE OFFICIALS to protect the rights of the public.

COMPLAINT FOR DAMAGES CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. SECTION 1983, 1985 COMPENSATORY DAMAGES INJUNCTIVE RELIEF TRIAL BY JURY DEMAND - 50

E. Injunctive Relief from current malicious and bad faith prosecution and or convictions brought against PLAINTIFFS concerning the multiple rights violations by DEFENDANTS.

F. To have assistance of counsel in addition to attorneys for limited and full scope in this instant matter.

G. To attempt mediation before adjudicating all matters before a jury.

Any further relief as the court deems proper.

Dated _____ of _____ , 2022.

Respectfully submitted,

GARTH GAYLORD /S/
PRO SE

LORI MARR /S/
PRO SE

PAUL SMITH/S/
PRO SE

COMPLAINT FOR DAMAGES CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. SECTION 1983, 1985 COMPENSATORY DAMAGES INJUNCTIVE RELIEF TRIAL BY JURY DEMAND - 51

CERTIFICATE OF SERVICE

Case Name: GAYLORD, MARR, SMITH vs. ADA COUNTY, et al

Case No.

I, the undersigned, HEREBY CERTIFY that on this ___ day of _____ 2022, that true and correct attached documents:

1) PLAINTIFFS' CIVIL RIGHTS COMPLAINT

3) CERTIFICATE OF SERVICE
   By method(s):

☒ HAND DELIVERY          ☐ US Mail          ☐ FAX

Is Submitted to:

☒ DISTRICT COURT FOR THE DISTRICT OF IDAHO
o ADA COUNTY
O JUDICIARY COURTS OF THE STATE OF IDAHO
O MICHAEL MACLEOD
O MORGAN CASE
O EDWARD BENNETT
O EDDIE RICHARDS
O VICENTE SEPULVEDA
O JOE WOOD
O KEN BAISCH
O DERRECK CARDINALE
O BRIAN BURRELL
o CHRISTOPHER STOFFERAHN

_____

*Signature*