1  Garth Gaylord
2  253 David Ave
   Nampa, ID 83651
3  garthgaylord@protonmail.com
   208-935-5995
4
5   Lori Marr
   69 S Chase St
   Nampa, ID 83687
6  lshewma@protonmail.com
7  208-941-1782

8  Paul Smith
   PO BOX 524
9  Homedale, ID 83628
10 peregrinant@protonmail.com
   509-216-4874

U.S. COURTS

MAY 23 2022

Rcvd_____Filed_____Time_____
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

11          UNITED STATES DISTRICT COURT
12                   OF IDAHO

13  GARTH GAYLORD              Case No.: 1:22-CV-195-BLW
    LORI MARR                  AMENDED COMPLAINT FOR DAMAGES
14  PAUL SMITH,
                Plaintiffs,    CIVIL RIGHTS VIOLATIONS UNDER 42
15
16  vs.                        U.S.C. SECTION 1983, 1985

17  COUNTY OF ADA              COMPENSATORY DAMAGES
    MICHAEL MACLEOD
18  MORGAN CASE                INJUNCTIVE RELIEF TRIAL BY JURY
19  EDWARD BENNETT
    JAMES "EDDIE" RICHARDS     DEMAND
20  VICENTE SEPULVEDA
    JOE WOOD
21  DAVID "KEN" BAISCH
22  DERECK CARDINALE
    BRIAN BURRELL
23  CHRISTOPHER STOFFERAHN,
                Defendants

24
25          I.      INTRODUCTION
26      1) This is an action brought by PLANTIFFS for deprivation of secured and protected

27      Rights in addition to violations inflicted by all DEFENDANTS. This includes First,

28  AMENDED COMPLAINT FOR DAMAGES CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. SECTION 1983,
    1985 COMPENSATORY DAMAGES INJUNCTIVE RELIEF TRIAL BY JURY DEMAND - 1

Fourth, Fifth, and Fourteen Amendments to the United States Constitution, including multiple TORT violations.

2) COUNTY OF ADA and JUDICIARY COURTS OF THE STATE OF IDAHO dba ADA COUNTY COURTHOUSE,  policies, custom, practices, and guidance has caused direct injury to all PLAINTIFFS, in addition to failing to properly train employees.

3) These causes of injury were done willingly and knowingly, with deliberate indifference, violating clearly established law.

4) Plaintiffs have obtained evidence via documented Narrative report(s), that the DEFENDANTS conspired in advance via briefings and meetings, and PLAINTIFFS believe OFFICERS and agents worked in concert together with prejudice to infringe upon PLAINTIFFS Rights in advance of the event.

5) PLAINTIFFS seek injunctive relief from bad faith prosecutions for the relevant parties, as well as injunction against the discriminatory rights violating practices by DEFENDANTS.

6) PLAINTIFFS seek a declaratory judgement for relief, and compensatory damages.

## II.    JURISDICTION AND VENUE

7) The Jurisdiction of this Court is in the nature of federal question 28 U.S.C. 1331.

8) This Court has further jurisdiction under 42 U.S.C. 1983, 1985; and the First, Fourth, Fifth, and Fourteenth amendments to the United States Constitution, further 28 U.S.C. Sections 1343 (Civil Rights), 1331, and 2201-02 (Declaratory relief).

9) Additionally, supplemental jurisdiction exists with this court under the provisions of 28 U.S.C. Section 1367(a) as to the remaining counts arising under the Idaho

AMENDED COMPLAINT FOR DAMAGES CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. SECTION 1983, 1985 COMPENSATORY DAMAGES INJUNCTIVE RELIEF TRIAL BY JURY DEMAND - 2

Constitution and State Laws from the same set of operative facts.

10) The operative facts contained herein caused this claim to arise under the provisions of the United States Constitution, and under 42 U.S.C. Section 1983, 1985.

11) Venue is proper because all events giving rise to this complaint occurred within this district as provided in 28 U.S.C. Section 1391(b).

## III.    PARTIES TO THIS ACTION

12) PLAINTIFF, LORI MARR, hereinafter referred to as, "MARR" does domicile and reside in Idaho at all times relevant to this complaint.

13) PLAINTIFF, GARTH GAYLORD, hereinafter referred to as, "GAYLORD" does domicile and reside in Idaho at all times relevant to this complaint.

14) PLAINTIFF, PAUL SMITH, hereinafter referred to as, "SMITH" does domicile and reside in Idaho at all times relevant to this complaint.

15) DEFENDANT MICHAEL MACLEOD, hereinafter referred to as, "MACLEOD" is employed by COUNTY OF ADA as an officer capacity and is rewarded, compensated, and enriched for performing his duties. Officer MACLEOD was acting under color of law and is being sued in his official job capacity as well as his individual capacity.

16) DEFENDANT MORGAN CASE, hereinafter referred to as, "CASE" is employed by COUNTY OF ADA as an officer capacity and is rewarded, compensated, and enriched for performing his duties. Officer CASE was acting under color of law and being sued in his official job capacity as well as his individual capacity.

17) DEFENDANT EDWARD BENNETT, hereinafter referred to as, "BENNETT" is employed by COUNTY OF ADA as an officer capacity and is rewarded, compensated, and enriched for performing his duties. Officer BENNETT was acting under color of

law and being sued in his official job capacity as well as his individual capacity.

18) DEFENDANT JAMES EDDIE RICHARDS, hereinafter referred to as, "RICHARDS" is employed by COUNTY OF ADA as an officer capacity and is rewarded, compensated, and enriched for performing his duties. Officer RICHARDS was acting under color of law and being sued in his official job capacity as well as his individual capacity.

19) DEFENDANT VINCENTE SEPULVEDA, hereinafter referred to as, "SEPULVEDA" is employed by COUNTY OF ADA as an officer capacity and is rewarded, compensated, and enriched for performing his duties. Officer SEPULVEDA was acting under color of law and being sued in his official job capacity as well as his individual capacity.

20) DEFENDANT JOE WOOD, hereinafter referred to as, "WOOD" is employed by COUNTY OF ADA as an officer capacity and is rewarded, compensated, and enriched for performing his duties. Officer WOOD was acting under color of law and being sued in his official job capacity as well as his individual capacity.

21) DEFENDANT DAVID 'KEN' BAISCH, hereinafter referred to as, "BAISCH" is employed by COUNTY OF ADA as an officer capacity and is rewarded, compensated, and enriched for performing his duties. Officer BAISCH was acting under color of law and being sued in his official job capacity as well as his individual capacity.

22) DEFENDANT DERECK CARDINALE, hereinafter referred to as, "CARDINALE" is employed by COUNTY OF ADA as an officer capacity and is rewarded, compensated, and enriched for performing his duties. Officer CARDINALE was acting under color of law and being sued in his official job capacity as well as his

AMENDED COMPLAINT FOR DAMAGES CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. SECTION 1983, 1985 COMPENSATORY DAMAGES INJUNCTIVE RELIEF TRIAL BY JURY DEMAND - 4

individual capacity.

23) DEFENDANT CHRISTOPHER STOFFERAHN, hereinafter referred to as, "STOFFERAHN" is employed by COUNTY OF ADA as an officer capacity and is rewarded, compensated, and enriched for performing his duties. Officer STOFFERAHN was acting under color of law and being sued in his official job capacity as well as his individual capacity.

24) DEFEENDANT, COUNTY OF ADA, herein after referred to as "COUNTY" and is a political subdivision of the State of Idaho and is being sued as a PERSON.

# IV. FACTUAL ALLEGATIONS

26) On the morning of May 7, 2021, on the grounds of the COURTHOUSE property, GAYLORD, MARR, and SMITH were immediately met with discrimination because PLAINTIFFS were not wearing facial coverings by DEFENDANTS WOOD, BENNETT, and BAISCH when PLAINTIFFS were deterred, suppressed, unlawfully detained, cuffed, and subsequently arrested.

27) MARR & SMITH were exercising First Amendment Constitutionally protected conduct by Peaceably Assembling, and MARR was also attempting to enter the public Court House unmolested.

28) GAYLORD was present because he was summonsed to personally appear to Court this day by the COURTHOUSE and was unlawfully arrested as he was attempting to enter the public Courthouse unmolested, without a facial covering for his demanded Appearance.

29) GAYLORD raised the demand to be let in without discrimination by articulating to the officers to allow him to appear "in person" pursuant to Article 1 Sec. 13 of the Idaho State Constitution.

30) GAYLORD attempted to move past OFFICERS WOOD and BENNETT toward the COURTHOUSE door, to attend his required Appearance, and was tackled onto the cement, then further attacked with a blow to the back and a knee to the head, causing his head to slam by severe force into the metal door. This made a visible lump of swelling at the place of trauma on his head, also causing him to be stunned. He did not understand why the OFFICERS kept shouting "Stop Resisting," as this was not true.

31) OFFICERS CARDINALE and CASE aided in this physical detainment violation of GAYLORD, who was then handcuffed by BENNETT.

32) GAYLORD remained detained for hours at the COURTHOUSE, then was transported to COUNTY JAIL where GAYLORD was now charged for Failure to Appear. This was directly caused by ADA COURTHOUSE employees who physically prevented him from entering the courthouse for his Appearance.

33) GAYLORD was battered, hungry, thirsty, exhausted, and emotionally distressed, with a head injury, causing him clearly observable concussion-like symptoms.

34) Moreover, officer COLBERTSON coerced GAYLORD into appearing on ZOOM, under fear of threat of being kept in jail for the weekend. This was further violation of GAYLORDS protected rights, as he continued to demand his right to appear in Person.

35) Shortly thereafter, GAYLORD bonded out of jail, where he was met with friends in the jail lobby where they documented the injuries GAYLORD sustained.

36) GAYLORD continued to suffer emotional distress, physical pain, and loss of self-worth because of these injuries, including suffering financial, as well as the loss of his marriage and loss of normal unfettered access to his children as a direct result of this interaction with DEFENDANTS causing undo pressure to the marriage.

37) MARR was exercising Constitutionally protected conduct in the Public area of COURTHOUSE property when BAISCH, SEPULVEDA and RICHARDS physically pushed MARR back and forth like a ping pong ball with unreasonable force, eventually causing her to lose balance and start to fall to the ground. Immediately SMITH, seeing MARR in distress being pushed toward the ground, moved forward with the necessity to aid in preventing MARR from suffering further injury, to regain her footing.

38) MARR being 4'11, 120 lbs., was in danger of being injured, therefore SMITH was compelled to act with necessity, and in good conscience to assist her.

39) SMITH was accosted by COURTHOUSE Marshals and Deputies, including BAISCH, CARDINALE, STOFFERAN and BURRELL, by being grabbed and shoved backward. When SMITH regained his balance, he rotated his arm in the opposite direction attempting to maintain his balance. SMITH was then detained, and subsequently arrested.

40) During the altercation, SMITH was holding a couple of drink decanters with his right hand. When MARR started being tossed to the ground, SMITH used his one free left hand to reach for MARR to aid her, and focused his attention at one officer in unbelief, as he was being grabbed by the officers.

41) SMITH realized he was being arrested with unreasonable force, so he cooperated fully.

42) MARR, after being brought back to her feet, was handcuffed by STOFFERAHN taken

AMENDED COMPLAINT FOR DAMAGES CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. SECTION 1983, 1985 COMPENSATORY DAMAGES INJUNCTIVE RELIEF TRIAL BY JURY DEMAND - 7

immediately into the COURTHOUSE by officers *without a facial covering,* then

unlawfully detained for hours as well, before being arrested and taken to COUNTY JAIL.

43) MARR believes she was arrested over prohibited and unlawful guidance

documents, rules, orders, codes, and courthouse policies for exercising her religious,

medical and assembly rights to support her beliefs as well as her right to be on public

property.  Further, Marshal DEFENDANTS were not rightfully in her presence.

44) SMITH believes he was arrested over prohibited and unlawful guidance

documents, orders, rules, codes, and courthouse policies for exercising his religious,

medical and assembly rights to support his beliefs and his right to be on public

property. Further DEFENDANTS were not rightfully in his presence.

45) GAYLORD also was arrested over for identical reasons as SMITH.

46) Concerning being summonsed to appear for the May 7, 2021 arrest, MARR and

SMITH, when attempting to appear on site to appear in person in a court of law to

exercise any and all due process rights, one of which is the guaranteed right to face

their accuser IN A COURT OF LAW, pursuant to *US Constitution Amendment 6, the*

*Confrontation Clause, and ID Constitution Article I Sec. 13, and Sec. 18.* They were

deprived of this right by Ada County Marshals, forcing them into a zoom/digital

"meeting" under duress and threat of being arrested. Further, COURTHOUSE policy

prohibited this Right.

47) Improper Guidance documents, rules, codes, and orders created by JUDICIARY

COURTS OF THE STATE OF IDAHO, COUNTY OF ADA,  and HEALTH

DEPARTMENT are not law, and shall disclaim any force of law and avoid mandatory

language that would discriminate against public accommodation that go beyond applicable statutes or legislative rules.

48) These guidance documents should not be used for the purposes of coercing persons and should refrain from taking any action beyond what is required by the terms of the applicable statute or regulation (see Exhibit A: Improper Guidance Documents).

49) The ADA COUNTY Health Department, or Administrative Judge(s) including STEVEN HIPPLER, cannot promulgate a rule for which a healthy person is held to the same standard as a person with a communicable or infectious disease or virus.

50) PLAINTIFFS believe they were held to the previously mentioned standards and were discriminated against, in addition to being denied public accommodations which did not force the PLAINTIFFS to give up other rights, under duress and threat of arrest, for not wearing the improperly demanded face covering.

51) MARR and SMITH had a right to be taken to a magistrate, according to *Idaho statute Title 19-514 & 518* within a reasonable time frame after being arrested and were denied that right. Further, it took 77 days to appear before a Magistrate.

52) MARR is Licensed by the State of Idaho, and her Insurance License is in jeopardy because of this improper illegal arrest and can ultimately result in the loss of her source of income and profession by the loss of her License.

53) MARR was denied a NONRESIDENT LICENSE in Kansas for no other reason than this false arrest.  MARR was denied contracting with Cincinnati Life, and TransAmerica Life for no other reason than these pending charges against her.

54) MARR suffers extreme emotional distress and anxiety directly related to the

AMENDED COMPLAINT FOR DAMAGES CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. SECTION 1983, 1985 COMPENSATORY DAMAGES INJUNCTIVE RELIEF TRIAL BY JURY DEMAND - 9

previous mentioned facts, because of monetary loss as well as public humiliation.

55) All DEFENDANTS acted in their respected roles with deliberate indifference knowingly and willingly violating guaranteed and protected rights pursuant to the Federal Constitution, the Idaho State Constitution, and other laws pursuant to the State of Idaho.

56) GAYLORD and MARR had a right not to wear a face covering and not be discriminated and arrested by DEFENDANTS and others working in concert with.

57) When MARR and SMITH were arrested, they were denied the right to Peaceably Assemble, in addition to Equal Public Access {lawful public accommodation}.

58) DEFENDANTS BAISCH, SEPULVEDA, BENNETT, RICHARDS, MACLEOD, WOOD, CASE, CARDINALE, BURRELL and STOFFERAHN had a duty of care in their actions against GAYLORD, MARR, and SMITH. These named DEFENDANTS not only failed to do so, but in fact premediated and intentionally committed egregious violations against PLAINTIFFS by meeting together beforehand, even identifying some PLAINTIFFS by name and then deliberately acting in violation of the previous stated protected rights, in order to chill the PLAINTIFFS FREE SPEECH and quell visual and vocal nonviolent demands for EQUAL ACCESS to Due Process and the COURTHOUSE (without giving up other Rights) which did cause injury, harm and loss to PLAINTIFFS.

## <u>COUNT I</u>
## <u>DEPRIVATION OF RIGHTS</u> (42 USC Section 1983)

59) GAYLORD realleges an incorporation of all the previous paragraphs inclusive as though they were fully set forth herein and claims DEFENDANT MACLEOD

unlawfully arrested GAYLORD for attempting to enter the Ada County Court House.

60) MACLEOD did willfully and knowingly deter, suppress, and trespass against GAYLORD when GAYLORD was exercising Constitutional protected conduct in the form of FREE SPEECH and EQUAL ACCESS to IN-PERSON, UNBIASED DUE PROCESS, in which MACLEOD arrested GAYLORD. MACLEOD was not rightfully in the presence of GAYLORD when he infringed upon his 1st, 4th, 5$^{th,}$ and 14th Amendment protections.

61) These violations include *Article 1 Sections 9, 10, 13 and 18 of the Idaho State Constitution,* also see *Clarke, 165 Idaho at 395, 446 P.3d at 453.* MACLEOD failed to have a witness or alleged victim sign the misdemeanor Citation, even though MACLEOD was NOT PRESENT and DID NOT WITNESS the charging event.

62) GAYLORD had a right not to be arrested, because he was deprived of Liberty protected under the 4th and 14th Amendment, but subsequently was illegally seized and arrested. MACLEOD acted inappropriately and breached his legal duty.

## <u>COUNT II</u>
## <u>DEPRIVATION OF RIGHTS</u> (42 USC Section 1983)

63)  MARR realleges an incorporation of all previous paragraphs inclusive as though they were fully set forth herein and claims DEFENDANT MACLEOD unlawfully arrested MARR for attempting to enter the Ada County Court House.

64) MACLEOD did willfully and knowingly deter, suppress, and trespass against MARR when MARR was exercising Constitutional protected conduct in the form of FREE SPEECH & PEACEABLE ASSEMBLY in which MACLEOD arrested MARR.

65) These violations include *Article 1 Sections 9, 10, 13 and 18 of the Idaho State*

AMENDED COMPLAINT FOR DAMAGES CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. SECTION 1983, 1985 COMPENSATORY DAMAGES INJUNCTIVE RELIEF TRIAL BY JURY DEMAND - 11

*Constitution,* also see *Clarke, 165 Idaho at 395, 446 P.3d at 453.* MACLEOD failed to have a witness or victim sign the misdemeanor Citation, even though MACLEOD was NOT PRESENT and DID NOT WITNESS the charging event. .

66) MARR had a right not to be arrested, because she had a right to entry protected by Article 1, Sec. 18 of the Idaho Constitution and should not have been arrested but subsequently was arrested. MACLEOD was not rightfully in the presence of MARR and acted inappropriately and breached his legal duty.

## <u>COUNT III</u>
## <u>DEPRIVATION OF RIGHTS</u> (42 USC Section 1983)

67) SMITH realleges an incorporation of all previous paragraphs inclusive as though they were fully set forth herein and claims DEFENDANT MACLEOD unlawfully arrested SMITH for attempting to enter the Ada County Court House or aid MARR in regaining her balance.

68) MACLEOD did willfully and knowingly deter, suppress, and trespass against SMITH when SMITH was exercising Constitutional protected conduct in the form of FREE SPEECH and PEACEABLE ASSEMBLY in which MACLEOD arrested SMITH.

69) This is a violation of MACLEODS Oath of office, the 1st Amendment of the US Federal Constitution, as well as violating *Article 1 Sections 9, 10, 13 and 18 of the Idaho State Constitution,* also see *Clarke, 165 Idaho at 395, 446 P.3d at 453, and* MACLEOD failed in his duty to have a witness or alleged victim sign the misdemeanor Citation, even though MACLEOD was NOT PRESENT and DID NOT WITNESS the charging event.

AMENDED COMPLAINT FOR DAMAGES CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. SECTION 1983, 1985 COMPENSATORY DAMAGES INJUNCTIVE RELIEF TRIAL BY JURY DEMAND - 12

70) SMITH had a right not to be arrested, but subsequently was arrested. MACLEOD acted inappropriately and breached his legal duty. MACLEOD was not rightfully in SMITH presence.

## COUNT IV
## DEPRIVATION OF RIGHTS (42 USC Section 1983)

71) PLAINTIFF GAYLORD realleges an incorporation of all previous paragraphs inclusive as though they were fully set forth herein and claims DEFENDANT EDWARD BENNETT worked in concert with and did unlawfully detain and/or arrest GAYLORD by placing him in handcuffs, for attempting to enter the Ada County Court House. GAYLORD had a right not to be arrested and was arrested. BENNETT was not lawfully in GAYLORDs presence, so acted inappropriately and breached his legal duty. GAYLORD'S Person was illegally seized by BENNETT, which violated the *4th Amendment of the US Constitution, & Article 1, Sec 17 of the Idaho State Constitution.*

## COUNT V
## DEPRIVATION OF RIGHTS (42 USC Section 1983)

72) PLAINTIFF MARR realleges and incorporates previous paragraphs inclusive as though they were fully set forth herein and claims as DEFENDANT EDWARD BENNETT worked in concert with and did unlawfully detain and/or arrest MARR for attempting to enter the Ada County Court House. MARR had a right not to be arrested as well as to enter the courthouse unmolested and without discrimination or prejudice. BENNETT was not lawfully in her presence. BENNETT acted inappropriately and breached his legal duty. MARR'S Person was illegally seized by BENNETT which violated the *4th Amendment of the US Constitution, & Article 1, Sec 17 of the Idaho*

*State Constitution.*

## COUNT VI
### DEPRIVATION OF RIGHTS (42 USC Section 1983)

73) PLAINTIFF GAYLORD realleges an incorporation of all previous paragraphs inclusive as though they were fully set forth herein and claims DEFENDANT JOE WOOD worked in concert with and did unlawfully arrest and/or detain GAYLORD for attempting to enter the Ada County Court House. GAYLORD had a right not to be arrested, as well as to enter the courthouse unmolested and without discrimination or prejudice. WOOD acted inappropriately and breached his legal duty. GAYLORD'S Person was illegally seized by WOOD, which violated the *4th Amendment of the US Constitution, & Article 1, Sec 17 of the Idaho State Constitution.*

## COUNT VII
### DEPRIVATION OF RIGHTS (42 USC Section 1983)

74) PLAINTIFF MARR realleges an incorporation of all previous paragraphs inclusive as though they were fully set forth herein and claims DEFENDANT JOE WOOD worked in concert with and did unlawfully arrest and/or detain MARR for attempting to enter the Ada County Court House. MARR had a right not to be arrested, as well as to enter the courthouse unmolested and without discrimination or prejudice. WOOD acted inappropriately and breached his legal duty. MARR's Person was illegally seized by WOOD, which violated the *4th Amendment of the US Constitution, & Article 1, Sec 17 of the Idaho State Constitution.*

## COUNT VIII
### DEPRIVATION OF RIGHTS (42 USC Section 1983)

75) PLAINTIFF SMITH realleges an incorporation of all previous paragraphs inclusive as though they were fully set forth herein and claims DEFENDANT JOE WOOD worked in concert with and did unlawfully arrest and/or detain SMITH for attempting to enter the Ada County Court House. SMITH had a right not to be arrested, as well as to enter the courthouse unmolested and without discrimination or prejudice. WOOD acted inappropriately and breached his legal duty. SMITH's Person was illegally seized by WOOD, which violated the *4th Amendment of the US Constitution, & Article 1, Sec 17 of the Idaho State Constitution.*

## COUNT IX
## DEPRIVATION OF RIGHTS (42 USC Section 1983)

76) PLAINTIFF MARR realleges an incorporation of all previous paragraphs inclusive as though they were fully set forth herein and claims DEFENDANT BAISCH worked in concert with and did unlawfully arrest and/or detain MARR for attempting to enter the Ada County Court House. MARR had a right not to be arrested, as well as to enter the courthouse unmolested and without discrimination or prejudice. BAISCH acted inappropriately and breached his legal duty. MARR's Person was illegally seized by BAISCH, which violated the *4th Amendment of the US Constitution, & Article 1, Sec 17 of the Idaho State Constitution.*

## COUNT X
## DEPRIVATION OF RIGHTS (42 USC Section 1983)

77) PLAINTIFF SMITH realleges an incorporation of all previous paragraphs inclusive as though they were fully set forth herein and claims as DEFENDANT BAISCH worked in concert with and did unlawfully arrest and/or detain SMITH for attempting

to enter the Ada County Court House. SMITH had a right not to be arrested, as well as to enter the courthouse unmolested and without discrimination or prejudice. BAISCH acted inappropriately and breached his legal duty. SMITH's Person was illegally seized by BAISCH, which violated the *4th Amendment of the US Constitution, & Article 1, Sec 17 of the Idaho State Constitution.*

## COUNT XI
## DEPRIVATION OF RIGHTS (42 USC Section 1983)

78) PLAINTIFF GAYLORD realleges an incorporation of all previous paragraphs inclusive as though they were fully set forth herein and claims DEFENDANT CARDINALE worked in concert with and did unlawfully arrest and/or detain GAYLORD for attempting to enter the Ada County Court House. GAYLORD had a right not to be arrested, as well as to enter the courthouse unmolested and without discrimination or prejudice. CARDINALE acted inappropriately and breached his legal duty. GAYLORD's Person was illegally seized by CARDINALE, which violated the *4th Amendment of the US Constitution, & Article 1, Sec 17 of the Idaho State Constitution.*

## COUNT XII
## DEPRIVATION OF RIGHTS (42 USC Section 1983)

79) PLAINTIFF SMITH realleges an incorporation of all previous paragraphs inclusive as though they were fully set forth herein and claims as DEFENDANT CARDINALE worked in concert with and did unlawfully arrest and/or detain SMITH for attempting to enter the Ada County Court House. SMITH had a right not to be arrested, as well as to enter the courthouse unmolested and without discrimination or prejudice.

AMENDED COMPLAINT FOR DAMAGES CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. SECTION 1983, 1985 COMPENSATORY DAMAGES INJUNCTIVE RELIEF TRIAL BY JURY DEMAND - 16

CARDINALE acted inappropriately and breached his legal duty. SMITH's Person was illegally seized by GARDINALE, which violated the *4th Amendment of the US Constitution, & Article 1, Sec 17 of the Idaho State Constitution.*

## COUNT XIII
## DEPRIVATION OF RIGHTS (42 USC Section 1983)

80) PLAINTIFF MARR realleges an incorporation of all previous paragraphs inclusive as though they were fully set forth herein and claims as DEFENDANT SEPULVEDA worked in concert with and did unlawfully arrest and/or detain MARR for attempting to enter the Ada County Court House. MARR had a right not to be arrested, as well as to enter the courthouse unmolested and without discrimination or prejudice.

SEPULVEDA acted inappropriately and breached his legal duty. MARR's Person was illegally seized by SEPULVEDA, which violated the *4th Amendment of the US Constitution, & Article 1, Sec 17 of the Idaho State Constitution.*

## COUNT XIV
## DEPRIVATION OF RIGHTS (42 USC Section 1983)

81) PLAINTIFF MARR realleges an incorporation of all previous paragraphs inclusive as though they were fully set forth herein and claims as DEFENDANT RICHARDS worked in concert with and did unlawfully arrest and/or detain MARR for attempting to enter the Ada County Court House. MARR had a right not to be arrested, as well as to enter the courthouse unmolested and without discrimination or prejudice. RICHARDS acted inappropriately and breached his legal duty. MARR's Person was illegally seized by RICHARDS, which violated the *4th Amendment of the S Constitution, & Article 1, Sec 17 of the Idaho State Constitution.*

## COUNT XV

## DEPRIVATION OF RIGHTS (42 USC Section 1983)

82) PLAINTIFF SMITH realleges an incorporation of all previous paragraphs inclusive as though they were fully set forth herein and claims as DEFENDANT BURRELL worked in concert with and did unlawfully arrest and/or detain SMITH for attempting to enter the Ada County Court House. SMITH had a right not to be arrested, as well as to enter the courthouse unmolested and without discrimination or prejudice. BURRELL acted inappropriately and breached his legal duty. SMITH's Person was illegally seized by BURRELL, which violated the *4th Amendment of the US Constitution, & Article 1, Sec 17 of the Idaho State Constitution.*

## COUNT XVI

## DEPRIVATION OF RIGHTS (42 USC Section 1983)

83) PLAINTIFF GAYLORD realleges an incorporation of all previous paragraphs inclusive as though they were fully set forth herein and claims as DEFENDANT CASE worked in concert with and did unlawfully arrest and/or detain GAYLORD for attempting to enter the Ada County Court House. GAYLORD had a right not to be arrested, as well as to enter the courthouse unmolested and without discrimination or prejudice. CASE acted inappropriately and breached his legal duty. GAYLORD's Person was illegally seized by CASE, which violated the *4th Amendment of the US Constitution, & Article 1, Sec 17 of the Idaho State Constitution.*

## COUNT XVII

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(TORT)

84) GAYLORD realleges an incorporation of all previous paragraphs inclusive as

though they were fully set forth herein and claims BENNETT knowingly and willfully with deliberate indifference, publicly scorned and humiliated GAYLORD by discriminating and using force and unnecessary violence against him.

85) BENNETT admits in his Sheriff's office Narrative report of prior knowledge of PLAINTIFFS, specifically identifying GAYLORD by name and their civil rights activist group by name, in a meeting engaged in by several DEFENDANTS prior to this peaceful nonviolent protest, as well as admitting they had protested multiple times, never in violence. This planning meeting shows premeditation on the part of DEFENDANTS to act unlawfully against the PLAINTIFFS under color of law to chill their FREE SPEECH and EQUAL ACCESS demands, by criminalizing their lawful activity.

86) These actions by BENNETT included verbally ordering demeaning segregation of GAYLORD from the rest of the Public, threatening via abusive speech, stating false accusations to deploy the use intimidation and force by their armed OFFICER positions, using unnecessary force via bodily take downs to the ground.

87) GAYLORD sustained unnecessary force by BENNETT via a blow to the back while GAYLORD was on the ground and held by 2 officers.

88) BENNETT failed in his professional and personal conduct by willfully mistreating GAYLORD who has protected Rights to not be extremely emotionally abused when peacefully conducting Constitutionally protected activity, thereby causing Public Humiliation, Anguish, Emotional Distress and Loss of Worth. BENNETT acted inappropriately and breached his legal duty, causing injury, harm, and loss.

AMENDED COMPLAINT FOR DAMAGES CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. SECTION 1983, 1985 COMPENSATORY DAMAGES INJUNCTIVE RELIEF TRIAL BY JURY DEMAND - 19

## COUNT XVIII

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(TORT)

89)  MARR realleges an incorporation of all previous paragraphs inclusive as though they were fully set forth herein and claims BENNETT knowingly and willfully with deliberate indifference, publicly scorned and humiliated MARR by discriminating and using force and unnecessary violence against her.

90) BENNETT admits in his Sheriff's office Narrative report of prior knowledge of PLAINTIFFS, specifically identifying PLAINTIFFS by name and their civil rights activist group in a meeting engaged in by DEFENDANTS prior to this peaceful nonviolent protest, as well as admitting they had protested multiple times, never in violence. This planning meeting shows premeditation on the part of DEFENDANTS to act unlawfully against the PLAINTIFFS under color of law to chill their FREE SPEECH and EQUAL ACCESS demands, by criminalizing their annoying but lawful behavior.

91) These actions by BENNETT included verbally ordering demeaning segregation of MARR from the rest of the Public, threatening via abusive speech, stating false accusations to deploy the use intimidation and force by their armed OFFICER positions, using unnecessary force via bodily take downs to the ground.

92) BENNETT failed in his professional and personal conduct by willfully mistreating MARR who has protected Rights to not be extremely emotionally abused when peacefully conducting Constitutionally protected activity, thereby causing Public Humiliation, Anguish, Emotional Distress and Loss of Worth. BENNETT acted

inappropriately and breached his legal duty, causing injury, harm, and loss.

## COUNT XIX
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(TORT)

93) GAYLORD realleges an incorporation of all previous paragraphs inclusive as though they were fully set forth herein and claims WOOD knowingly and willfully with deliberate indifference, publicly scorned and humiliated GAYLORD by discriminating and using force and unnecessary violence against him.

94) These actions by WOOD included verbally ordering demeaning segregation of GAYLORD from the rest of the Public, threatening via abusive speech, stating false accusations to deploy the use intimidation and force by their armed OFFICER positions, using unnecessary force via bodily take downs to the ground.

95) WOOD failed in his professional and personal conduct by willfully mistreating GAYLORD who has protected Rights to not be extremely emotionally abused when peacefully conducting Constitutionally protected activity, thereby causing Public Humiliation, Anguish, Emotional Distress and Loss of Worth. BENNETT acted inappropriately and breached his legal duty, causing injury, harm, and loss.

## COUNT XX
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

96) MARR realleges an incorporation of all previous paragraphs inclusive as though they were fully set forth herein and claims WOOD knowingly and willfully with deliberate indifference, publicly scorned and humiliated MARR by discriminating and using force and unnecessary violence against her.

AMENDED COMPLAINT FOR DAMAGES CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. SECTION 1983, 1985 COMPENSATORY DAMAGES INJUNCTIVE RELIEF TRIAL BY JURY DEMAND - 21

97) These actions by WOOD included verbally ordering demeaning segregation of MARR from the rest of the Public, threatening via abusive speech, stating false accusations to deploy the use intimidation and force by their armed OFFICER positions, using unnecessary force via bodily take downs to the ground.

98) WOOD failed in his professional and personal conduct by willfully mistreating MARR who has protected Rights to not be extremely emotionally abused when peacefully conducting Constitutionally protected activity, thereby causing Public Humiliation, Anguish, Emotional Distress and Loss of Worth. WOOD acted inappropriately and breached his legal duty, causing injury, harm, and loss.

## COUNT XXI
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

99) SMITH realleges an incorporation of all previous paragraphs inclusive as though they were fully set forth herein and claims WOOD knowingly and willfully with deliberate indifference, publicly scorned and humiliated SMITH by discriminating and using force and unnecessary violence against him.

100) These actions by WOOD included verbally ordering demeaning segregation of SMITH from the rest of the Public, threatening via abusive speech, stating false accusations to deploy the use intimidation and force by their armed OFFICER positions, using unnecessary force via bodily take downs to the ground.

101) WOOD failed in his professional and personal conduct by willfully mistreating SMITH who has protected Rights to not be extremely emotionally abused when peacefully conducting Constitutionally protected activity, thereby causing Public Humiliation, Anguish, Emotional Distress and Loss of Worth. WOOD acted

inappropriately and breached his legal duty, causing injury, harm, and loss.

## COUNT XXII
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

102) GAYLORD realleges an incorporation of all previous paragraphs inclusive as though they were fully set forth herein and claims CARDINALE knowingly and willfully with deliberate indifference, publicly scorned and humiliated GAYLORD by discriminating and using force and unnecessary violence against him.

103) These actions by CARDINALE included verbally ordering demeaning segregation of GAYLORD from the rest of the Public, threatening via abusive speech, stating false accusations to deploy the use intimidation and force by their armed OFFICER positions, using unnecessary force via bodily take downs to the ground.

104) CARDINALE failed in his professional and personal conduct by willfully mistreating GAYLORD who has protected Rights to not be extremely emotionally abused when peacefully conducting Constitutionally protected activity, thereby causing Public Humiliation, Anguish, Emotional Distress and Loss of Worth. CARDINALE acted inappropriately and breached his legal duty, causing injury, harm, and loss.

## COUNT XXIII
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

105) SMITH realleges an incorporation of all previous paragraphs inclusive as though they were fully set forth herein and claims CARDINALE knowingly and willfully with deliberate indifference, publicly scorned and humiliated SMITH by discriminating and using force and unnecessary violence against him.

106) These actions by CARDINALE included verbally ordering demeaning segregation

of SMITH from the rest of the Public, threatening via abusive speech, stating false accusations to deploy the use intimidation and force by their armed OFFICER positions, using unnecessary force via bodily take downs to the ground.

107) CARDINALE failed in his professional and personal conduct by willfully mistreating SMITH who has protected Rights to not be extremely emotionally abused when peacefully conducting Constitutionally protected activity, thereby causing Public Humiliation, Anguish, Emotional Distress and Loss of Worth. CARDINALE acted inappropriately and breached his legal duty, causing injury, harm, and loss.

## COUNT XXIV
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

108)  SMITH realleges an incorporation of all previous paragraphs inclusive as though they were fully set forth herein and claims BAISCH knowingly and willfully with deliberate indifference, publicly scorned and humiliated SMITH by discriminating and using force and unnecessary violence against him.

109) These actions by BAISCH included verbally ordering demeaning segregation of SMITH from the rest of the Public, threatening via abusive speech, stating false accusations to deploy the use intimidation and force by their armed OFFICER positions, using unnecessary force via bodily take downs to the ground.

110) BAISCH failed in his professional and personal conduct by willfully mistreating SMITH who has protected Rights to not be extremely emotionally abused when peacefully conducting Constitutionally protected activity, thereby causing Public Humiliation, Anguish, Emotional Distress and Loss of Worth. BAISCH acted inappropriately and breached his legal duty, causing injury, harm, and loss.

## COUNT XXV
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

111)  MARR realleges an incorporation of all previous paragraphs inclusive as though they were fully set forth herein and claims BAISCH knowingly and willfully with deliberate indifference, publicly scorned and humiliated MARR by discriminating and using force and unnecessary violence against her.

112) BAISCH admits in his Narrative report of prior knowledge of MARR, specifically identifying MARR by name and the Civil Rights activist group People's Rights, admitting they had protested here multiple times, never in violence. This admission shows premeditation on the part of DEFENDANTS to act unlawfully against the PLAINTIFFS under color of law to chill their FREE SPEECH and EQUAL ACCESS demands, by criminalizing their lawful activity.

113) These actions by BAISCH included verbally ordering demeaning segregation of MARR from the rest of the Public, threatening via abusive speech, stating false accusations to deploy the use intimidation and force by their armed OFFICER positions, using unnecessary force via bodily take downs to the ground.

114) BAISCH failed in his professional and personal conduct by willfully mistreating MARR who has protected Rights to not be extremely emotionally abused when peacefully conducting Constitutionally protected activity, thereby causing Public Humiliation, Anguish, Emotional Distress and Loss of Worth. BAISCH acted inappropriately and breached his legal duty, causing injury, harm, and loss.

## COUNT XXVI
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

115) GAYLORD realleges an incorporation of all previous paragraphs inclusive as though they were fully set forth herein and claims CASE knowingly and willfully with deliberate indifference, publicly scorned and humiliated GAYLORD by discriminating and using force and unnecessary violence against him.

116) These actions by CASE included verbally ordering demeaning segregation of GAYLORD from the rest of the Public, threatening via abusive speech, stating false accusations to deploy the use intimidation and force by their armed OFFICER positions, using unnecessary force via bodily take downs to the ground.

117) CASE failed in his professional and personal conduct by willfully mistreating GAYLORD who has protected Rights to not be extremely emotionally abused when peacefully conducting Constitutionally protected activity, thereby causing Public Humiliation, Anguish, Emotional Distress and Loss of Worth. CASE acted inappropriately and breached his legal duty, causing injury, harm, and loss.

## COUNT XXVII
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

118) MARR realleges an incorporation of all previous paragraphs inclusive as though they were fully set forth herein and claims RICHARDS knowingly and willfully with deliberate indifference, publicly scorned and humiliated MARR by discriminating and using force and unnecessary violence against her.

119) These actions by RICHARDS included verbally ordering demeaning segregation of MARR from the rest of the Public, threatening via abusive speech, stating false accusations to deploy the use intimidation and force by their armed OFFICER positions, using unnecessary force via bodily take downs to the ground.

120) RICHARDS failed in his professional and personal conduct by willfully mistreating MARR who has protected Rights to not be extremely emotionally abused when peacefully conducting Constitutionally protected activity, thereby causing Public Humiliation, Anguish, Emotional Distress and Loss of Worth. RICHARDS acted inappropriately and breached his legal duty, causing injury, harm, and loss.

## COUNT XXVIII
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

121) SMITH realleges an incorporation of all previous paragraphs inclusive as though they were fully set forth herein and claims BURRELL knowingly and willfully with deliberate indifference, publicly scorned and humiliated SMITH by discriminating and using force and unnecessary violence against him.

122) These actions by BURRELL included verbally ordering demeaning segregation of SMITH from the rest of the Public, threatening via abusive speech, stating false accusations to deploy the use intimidation and force by their armed OFFICER positions, using unnecessary force via bodily take downs to the ground.

123) BURRELL failed in his professional and personal conduct by willfully mistreating SMITH who has protected Rights to not be extremely emotionally abused when peacefully conducting Constitutionally protected activity, thereby causing Public Humiliation, Anguish, Emotional Distress and Loss of Worth. BURRELL acted inappropriately and breached his legal duty, causing injury, harm, and loss.

## COUNT XXIX
## DEFAMATION

124) MARR realleges an incorporation of all previous paragraphs inclusive as though

they were fully set forth herein and claims her (4) State License(s) is/are in jeopardy because of this unlawful and illegal arrest, and this has directly caused financial loss already, and can ultimately result in the loss of her source of income and profession by the loss of her License. This threat to MARR'S liberty and/or property is a direct result of improper orders, guidelines, procedures, policies, and customs promulgated and adopted by COUNTY OF ADA.

125) MARR was denied a NONRESIDENT License for Kansas (she is licensed in Idaho, Oregon, Florida, & Arkansas), and this denial was for no other reason than the pending charges against her. This denial is a reportable Administrative Action which can have a snowball effect of contract withdrawals and denials with insurance companies (she is contracted with dozens) as well as State NONRESIDENT reciprocating License denials.  MARR has never been denied contracting with any insurance company or any State License in her 7 years of this career, until DEFENDANTS illegal actions against her under Color of Law.

126) MARR was denied contracting with Cincinnati Life, and TransAmerica Life for no other reason than this false arrest and being named in a criminal complaint. This resulted in the loss of direct compensation, as well as defamation, forcing the clients to have to rewrite each policy with one of her colleagues. MARR had a right not to be subjected to monetary loss and public humiliation to her spotless record for conducting Constitutionally protected activity. COUNTY OF ADA'S courthouse policies are a direct cause in the defamation of MARR.

## <u>COUNT XXX</u>

## **NEGLIGENCE**

127) GAYLORD realleges an incorporation of all previous paragraphs inclusive as though they were fully set forth herein and claims as DEFENDANT MACLEOD as the proximate cause of injury, did willfully and knowingly breach his duty as a sworn Officer to uphold his Oath of Office to said Constitutions, and failed to act, in addition to failing to implement proper procedural protocol in which inalienable rights are protected by denying GAYLORD Free Speech and Assembly, Executing False Imprisonment, Forced Confinement, which directly caused Public Humiliation and intentional infliction of Emotional Duress against GAYLORD. MACLEOD failed in his duty to properly investigate the arrest.  This conduct caused injury to GAYLORD because of MACLEODS failure to act in a proper manner

## **COUNT XXXI**
## **NEGLIGENCE**

128) MARR realleges an incorporation of all previous paragraphs inclusive as though they were fully set forth herein and claims as DEFENDANT MACLEOD as the proximate cause of injury, did willfully and knowingly breach his duty as a sworn Officer to uphold his Oath of Office to said Constitutions, and neglected to implement proper procedural protocol in which inalienable rights are protected by denying MARR Free Speech and Assembly, Executing False Imprisonment, Forced Confinement, Public Humiliation and intentional infliction of Emotional Duress against MARR. This conduct caused injury to MARR because of MACLEODS failure to act in a proper manner.

## **COUNT XXXII**

## NEGLIGENCE

129) SMITH realleges an incorporation of all previous paragraphs inclusive as though they were fully set forth herein and claims as DEFENDANT MACLEOD as the proximate cause of injury, did willfully and knowingly breach his duty as a sworn Officer to uphold his Oath of Office to said Constitutions, and failed to act, as well as neglected to implement proper procedural protocol in which inalienable rights are protected by denying SMITH Free Speech and Assembly, Executing False Imprisonment, Forced Confinement, which directly caused Public Humiliation and intentional infliction of Emotional Duress against SMITH. MACLEOD failed in his duty to properly investigate the arrest. This conduct caused injury to SMITH because of MACLEODS failure to act in a proper manner.

## COUNT XXXIII
## NEGLIGENCE

130) GAYLORD realleges an incorporation of all previous paragraphs inclusive as though they were fully set forth herein and claims as DEFENDANT WOOD as the proximate cause of injury, did willfully and knowingly breach his duty as a sworn Officer to uphold his Oath of Office to said Constitutions, by failing to act, and by neglecting to implement proper procedural protocol in which inalienable rights are protected, by denying GAYLORD Free Speech and Assembly, Executing False Imprisonment, Forced Confinement, which directly caused Public Humiliation and intentional infliction of Emotional Duress against GAYLORD. This conduct caused injury to GAYLORD because of WOODS failure to act in a proper manner.

## COUNT XXXIV

AMENDED COMPLAINT FOR DAMAGES CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. SECTION 1983, 1985 COMPENSATORY DAMAGES INJUNCTIVE RELIEF TRIAL BY JURY DEMAND - 30

## NEGLIGENCE

131) MARR realleges an incorporation of all previous paragraphs inclusive as though they were fully set forth herein and claims as DEFENDANT WOOD as the proximate cause of injury, did willfully and knowingly breach his duty as a sworn Officer to uphold his Oath of Office to said Constitutions, by failing to act, and neglected to implement proper procedural protocol in which inalienable rights are protected by denying MARR Free Speech and Assembly, Executing False Imprisonment, Forced Confinement, which directly caused Public Humiliation and intentional infliction of Emotional Duress against MARR. This conduct caused injury to MARR because of WOODS failure to act in a proper manner.

## COUNT XXXV
## NEGLIGENCE

132) SMITH realleges an incorporation of all previous paragraphs inclusive as though they were fully set forth herein and claims as DEFENDANT WOOD as the proximate cause of injury, did willfully and knowingly breach his duty as a sworn Officer to uphold his Oath of Office to said Constitutions, failure to act, and neglected to implement proper procedural protocol in which inalienable rights are protected by denying SMITH Free Speech and Assembly, Executing False Imprisonment, Forced Confinement, which directly caused Public Humiliation and intentional infliction of Emotional Duress against SMITH. This conduct caused injury to SMITH because of WOODS failure to act in a proper manner.

## COUNT XXXVI
## NEGLIGENCE

AMENDED COMPLAINT FOR DAMAGES CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. SECTION 1983, 1985 COMPENSATORY DAMAGES INJUNCTIVE RELIEF TRIAL BY JURY DEMAND - 31

133) GAYLORD realleges an incorporation of all previous paragraphs inclusive as though they were fully set forth herein and claims as DEFENDANT BENNETT as the proximate cause of injury, did willfully and knowingly breach his duty as a sworn Officer to uphold his Oath of Office to said Constitutions, by failure to act, and BENNETT neglected to implement proper procedural protocol in which inalienable rights are protected by denying GAYLORD Free Speech and Assembly, Executing False Imprisonment, Forced Confinement, which directly caused Public Humiliation and intentional infliction of Emotional Duress against GAYLORD. This conduct caused injury to GAYLORD because of BENNETTS failure to act in a proper manner.

## COUNT XXXVII
## NEGLIGENCE

134) MARR realleges an incorporation of all previous paragraphs inclusive as though they were fully set forth herein and claims as DEFENDANT BENNETT as the proximate cause of injury, did willfully and knowingly breach his duty as a sworn Officer to uphold his Oath of Office to said Constitutions, by failure to act, and BENNETT neglected to implement proper procedural protocol in which inalienable rights are protected by denying MARR Free Speech and Assembly, Executing False Imprisonment, Forced Confinement, which directly caused Public Humiliation and intentional infliction of Emotional Duress against MARR. This conduct caused injury to MARR because of BENNETTS failure to act in a proper manner.

## COUNT XXXVIII
## NEGLIGENCE

135) MARR realleges an incorporation of all previous paragraphs inclusive as though

AMENDED COMPLAINT FOR DAMAGES CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. SECTION 1983, 1985 COMPENSATORY DAMAGES INJUNCTIVE RELIEF TRIAL BY JURY DEMAND - 32

they were fully set forth herein and claims as DEFENDANT BAISCH as the proximate

cause of injury, did willfully and knowingly breach his duty as a sworn Officer to

uphold his Oath of Office to said Constitutions, by failure to act, and by neglecting to

implement proper procedural protocol in which inalienable rights are protected by

denying MARR Free Speech and Assembly, Executing False Imprisonment, Forced

Confinement, which directly caused Public Humiliation and intentional infliction of

Emotional Duress against MARR. This conduct caused injury to MARR because of

BAISCHS failure to act in a proper manner.

## COUNT XXXIX
## NEGLIGENCE

136) SMITH realleges an incorporation of all previous paragraphs inclusive as though

they were fully set forth herein and claims as DEFENDANT BAISCH as the proximate

cause of injury, did willfully and knowingly breach his duty as a sworn Officer to

uphold his Oath of Office to said Constitutions, by failure to act, by neglecting to

implement proper procedural protocol in which inalienable rights are protected by

denying SMITH Free Speech and Assembly, Executing False Imprisonment, Forced

Confinement, which directly caused Public Humiliation and intentional infliction of

Emotional Duress against SMITH. This conduct caused injury to SMITH because of

BAISCHS failure to act in a proper manner.

## COUNT XL
## NEGLIGENCE

137) SMITH realleges an incorporation of all previous paragraphs inclusive as though

they were fully set forth herein and claims as DEFENDANT CARDINALE as the

AMENDED COMPLAINT FOR DAMAGES CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. SECTION 1983,
1985 COMPENSATORY DAMAGES INJUNCTIVE RELIEF TRIAL BY JURY DEMAND - 33

proximate cause of injury, did willfully and knowingly breach his duty as a sworn

Officer to uphold his Oath of Office to said Constitutions, by failure to act and by

neglecting to implement proper procedural protocol in which inalienable rights are

protected by denying SMITH Free Speech and Assembly, Executing False

Imprisonment, Forced Confinement, which directly caused Public Humiliation and

intentional infliction of Emotional Duress against SMITH. This conduct caused injury

to SMITH because of CARDINALES failure to act in a proper manner.

## COUNT XLI
## NEGLIGENCE

138) GAYLORD realleges an incorporation of all previous paragraphs inclusive as

though they were fully set forth herein and claims as DEFENDANT CARDINALE as

the proximate cause of injury, did willfully and knowingly breach his duty as a sworn

Officer to uphold his Oath of Office to said Constitutions, by failure to act, and by

neglecting to implement proper procedural protocol in which inalienable rights are

protected by denying GAYLORD Free Speech and Assembly, Executing False

Imprisonment, Forced Confinement, which directly caused Public Humiliation and

intentional infliction of Emotional Duress against GAYLORD. This conduct caused

injury to GAYLORD because of CARDINALES failure to act in a proper manner.

## COUNT XLII
## NEGLIGENCE

139) GAYLORD realleges an incorporation of all previous paragraphs inclusive as

though they were fully set forth herein and claims as DEFENDANT CASE as the

proximate cause of injury, did willfully and knowingly breach his duty as a sworn

Officer to uphold his Oath of Office to said Constitutions, Failure to act, and by neglecting to implement proper procedural protocol in which inalienable rights are protected by denying GAYLORD Free Speech and Assembly, Executing False Imprisonment, Forced Confinement, which directly caused Public Humiliation and intentional infliction of Emotional Duress against GAYLORD. This conduct caused injury to GAYLORD because of CASES failure to act in a proper manner.

## COUNT XLIII
## NEGLIGENCE

140) MARR realleges an incorporation of all previous paragraphs inclusive as though they were fully set forth herein and claims as DEFENDANT RICHARDS as the proximate cause of injury, did willfully and knowingly breach his duty as a sworn Officer to uphold his Oath of Office to said Constitutions, by Failure to Act, and RICHARDS neglected to implement proper procedural protocol in which inalienable rights are protected by denying MARR Free Speech and Assembly, Executing False Imprisonment, Forced Confinement, which directly caused Public Humiliation and intentional infliction of Emotional Duress against MARR. This conduct caused injury to MARR because of RICHARDS failure to act in a proper manner.

## COUNT XLIV
## NEGLIGENCE

141) MARR realleges an incorporation of all previous paragraphs inclusive as though they were fully set forth herein and claims as DEFENDANT SEPULVEDA as the proximate cause of injury, did willfully and knowingly breach his duty as a sworn Officer to uphold his Oath of Office to said Constitutions, by Failure to Act, and

AMENDED COMPLAINT FOR DAMAGES CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. SECTION 1983, 1985 COMPENSATORY DAMAGES INJUNCTIVE RELIEF TRIAL BY JURY DEMAND - 35

SEPULVEDA neglected to implement proper procedural protocol in which inalienable rights are protected by denying MARR Free Speech and Assembly, Executing False Imprisonment, Forced Confinement, which directly caused Public Humiliation and intentional infliction of Emotional Duress against MARR. This conduct caused injury to MARR because of SEPULVEDAS failure to act in a proper manner.

## COUNT XLV
## NEGLIGENCE

142) SMITH realleges an incorporation of all previous paragraphs inclusive as though they were fully set forth herein and claims as DEFENDANT BURRELL as the proximate cause of injury, did willfully and knowingly breach his duty as a sworn Officer to uphold his Oath of Office to said Constitutions, by Failure to Act, and by neglecting to implement proper procedural protocol in which inalienable rights are protected by denying SMITH Free Speech and Assembly, Executing False Imprisonment, Forced Confinement, which directly caused Public Humiliation and intentional infliction of Emotional Duress against SMITH. This conduct caused injury to SMITH because of BURRELLS failure to act in a proper manner.

## COUNT XLVI
## DEPRIVATION OF RIGHTS (DUE PROCESS)

143) GAYLORD realleges an incorporation of all previous paragraphs inclusive as though they were fully set forth herein and claims as DEFENDANT COUNTY via their implemented policies, practices, procedures, orders and guidance documents, deprived GAYLORD the Due Process Right to enter the Courthouse, free from any FREE SPEECH, Medical, or Attire based discrimination (not indecent exposure).

AMENDED COMPLAINT FOR DAMAGES CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. SECTION 1983, 1985 COMPENSATORY DAMAGES INJUNCTIVE RELIEF TRIAL BY JURY DEMAND - 36

144) COUNTY Administrators promulgated an unlawful Rule and OFFICERS enforced it as law, which abridged the privileges or immunities of a certain class of citizens to freely access Ada County Buildings, including the Courthouse. This rule has allowed the deprivation of access to the Equal Protection of the Law to certain healthy persons within its jurisdiction. (*14th Amendment of US Constitution.*)

145) PLAINTIFFS were all treated as SEPARATE BUT EQUAL, but not equal, as they were deprived access to the Courthouse, in person to face their accuser, being forced into electronic and telephonic interactions with the COURTHOUSE, under threat of arrest, despite PLAINTIFF(s) claiming to maintain their State Constitutional Right to equal access, that the Courts SHALL be open to every person. COUNTY'S policies, practices, procedures, rules, orders, and guidance documents were created by and for receiving unlawful emoluments in the form of Federal funds to incentivize COUNTY to deny guaranteed and protected Rights. GAYLORD was not infected with or carrying any communicable or infectious disease, therefore any health regulation adopted into this order cannot be lawfully applied to a healthy individual because limited authorities granted to HEALTH DEPARTMENT is granted only for sick individuals. These policies are direct link cause of injury to PLAINTIFF(s). Further, COUNTY is responsible for inadequate training and inadequate supervision of DEFENDANTS.

## COUNT XLVII
## DEPRIVATION OF RIGHTS (DUE PROCESS)

146) MARR realleges an incorporation of all previous paragraphs inclusive as though they were fully set forth herein and claims as DEFENDANT ADA COUNTY via their

implemented policies, practices, procedures, orders and guidance documents, deprived

MARR the Due Process Right to enter the Courthouse, free from any FREE SPEECH,

Medical, or Attire based discrimination (not indecent exposure).

147) COUNTY Administrators promulgated an unlawful Rule and OFFICERS enforced

it as law, which abridged the privileges or immunities of a certain class of citizens to

freely access Ada County Buildings, including the Courthouse. This rule has allowed

the deprivation of access to the Equal Protection of the Law to certain healthy persons

within its jurisdiction. (*14th Amendment of US Constitution.*)

148) PLAINTIFFS were all treated as SEPARATE BUT EQUAL, but not equal, as

they were deprived access to the Courthouse, in person to face their accuser, being

forced into electronic and telephonic interactions with the COURTHOUSE, under

threat of arrest, despite PLAINTIFF(s) claiming to maintain their State Constitutional

Right to equal access, that the Courts SHALL be open to every person. COUNTY'S

policies, practices, procedures, rules, orders, and guidance documents were created by

and for receiving unlawful emoluments in the form of Federal funds to incentivize

COUNTY to deny guaranteed and protected Rights. MARR was not infected with or

carrying any communicable or infectious disease, therefore any health regulation

adopted into this order cannot be lawfully applied to a healthy individual because

limited authorities granted to HEALTH DEPARTMENT is granted only for sick

individuals. These policies are direct link cause of injury to PLAINTIFF(s). Further,

COUNTY is responsible for inadequate training and inadequate supervision of

DEFENDANTS.

## **COUNT XLIII**
## **DEPRIVATION OF RIGHTS (DUE PROCESS)**

149) SMITH realleges an incorporation of all previous paragraphs inclusive as though they were fully set forth herein and claims as DEFENDANT ADA COUNTY via their implemented policies, practices, procedures, orders and guidance documents, deprived SMITH the Due Process Right to enter the Courthouse, free from any FREE SPEECH, Medical, or Attire based discrimination (not indecent exposure).

150) COUNTY Administrators promulgated an unlawful Rule and OFFICERS enforced it as law, which abridged the privileges or immunities of a certain class of citizens to freely access Ada County Buildings, including the Courthouse. This rule has allowed the deprivation of access to the Equal Protection of the Law to certain healthy persons within its jurisdiction. (*14th Amendment of US Constitution.*)

151) PLAINTIFFS were all treated as SEPARATE BUT EQUAL, but not equal, as they were deprived access to the Courthouse, in person to face their accuser, being forced into electronic and telephonic interactions with the COURTHOUSE, under threat of arrest, despite PLAINTIFF(s) claiming to maintain their State Constitutional Right to equal access, that the Courts SHALL be open to every person. COUNTY'S policies, practices, procedures, rules, orders, and guidance documents were created by and for receiving unlawful emoluments in the form of Federal funds to incentivize COUNTY to deny guaranteed and protected Rights. SMITH was not infected with or carrying any communicable or infectious disease, therefore any health regulation adopted into this order cannot be lawfully applied to a healthy individual because limited authorities granted to HEALTH DEPARTMENT is granted only for sick

AMENDED COMPLAINT FOR DAMAGES CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. SECTION 1983, 1985 COMPENSATORY DAMAGES INJUNCTIVE RELIEF TRIAL BY JURY DEMAND - 39

individuals. These policies are direct link cause of injury to PLAINTIFF(s). Further,

COUNTY is responsible for inadequate training and inadequate supervision of

DEFENDANTS.

## COUNT XLIX
## DEPRIVATION OF RIGHTS (DUE PROCESS)

152) MARR was deprived of the Right to be taken before a Magistrate by COUNTY to

be arraigned in a timely manner after her False arrest by MACLEOD. The Fourth

Amendment "requires a prompt judicial determination of probable cause following an

arrest made without a warrant and ensuing detention." *Powell v. Nevada, 511 U.S. 79,*

*80 (1994).* An arrestee "is entitled under the Fourth Amendment to a hearing at which

he is presented with the probable cause of his arrest within forty-eight hours of the

arrest." *Benson v. Chappell, 958 F.3d 801, 823 (9th Cir. 2020).* "[A]bsent extraordinary

circumstances, a longer delay violates the Fourth Amendment." *Powell, 511 U.S. at 80*.

## COUNT L
## DEPRIVATION OF RIGHTS (DUE PROCESS)

153) SMITH was deprived of the Right to be taken before a Magistrate by ADA

COUNTY and be arraigned in a timely manner after his False arrest by MACLEOD.

The Fourth Amendment "requires a prompt judicial determination of probable cause

following an arrest made without a warrant and ensuing detention." *Powell v. Nevada,*

*511 U.S. 79, 80 (1994).* An arrestee "is entitled under the Fourth Amendment to a

hearing at which he is presented with the probable cause of his arrest within forty-eight

hours of the arrest." *Benson v. Chappell, 958 F.3d 801, 823 (9th Cir. 2020).* "[A]bsent

extraordinary circumstances, a longer delay violates the Fourth Amendment." *Powell,*

*511 U.S. at 80.*

## COUNT LI
## FALSE ARREST

(TORT)

154) PLAINTIFFS GAYLORD, MARR, and SMITH reallege(s) an incorporation of all

previous paragraphs inclusive as though they were fully set forth herein and claims

MACLEOD worked in collusion, and did without warning and unprovoked, execute

false arrests, in which equates to Assault and Battery on PLAINTIFFS.

PLAINTIFFS had a right to conduct lawful activity on public property without being

discriminated against and unmolested. MACLEOD had a duty to properly investigate

and protect PLAINTIFFS rights but breached that by placing them under arrest. This

arrest directly caused injury harm and loss to PLAINTIFFs.

## COUNT LII
## FALSE ARREST

155) PLAINTIFF(S) GAYLORD, MARR & SMITH reallege(s) an incorporation of all

previous paragraphs inclusive as though they were fully set forth herein and claims

WOOD worked in collusion, and did without warning and unprovoked, execute false

arrests, in which equates to Assault and Battery on PLAINTIFFS. PLAINTIFFS had a

right to conduct lawful activity on public property without being discriminated against

and unmolested. WOOD had a duty to properly investigate and protect PLAINTIFFS

rights but breached that by placing them under arrest. This arrest directly caused injury

harm and loss to PLAINTIFFs.

## COUNT LIII

AMENDED COMPLAINT FOR DAMAGES CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. SECTION 1983, 1985 COMPENSATORY DAMAGES INJUNCTIVE RELIEF TRIAL BY JURY DEMAND - 41

**FALSE ARREST**

156) PLAINTIFF GAYLORD & MARR reallege(s) an incorporation of all previous paragraphs inclusive as though they were fully set forth herein and claims BENNETT worked in collusion, and did without warning and unprovoked, execute false arrests, in which equates to Assault and Battery on PLAINTIFF(s). PLAINTIFFS had a right to conduct lawful activity on public property without being discriminated against and unmolested. BENNETT had a duty to properly investigate and protect PLAINTIFFS rights but breached that by placing them under arrest. This arrest directly caused injury harm and loss to PLAINTIFFs.

## COUNT LIV
## FALSE ARREST

157) PLAINTIFF(S) MARR & SMITH reallege(s) an incorporation of all previous paragraphs inclusive as though they were fully set forth herein and claims BAISCH worked in collusion, and did without warning and unprovoked, execute false arrests, in which equates to Assault and Battery on PLAINTIFF. PLAINTIFFS had a right to conduct lawful activity on public property without being discriminated against and unmolested. BAICSH had a duty to properly investigate and protect PLAINTIFFS rights but breached that by placing them under arrest. This arrest directly caused injury harm and loss to PLAINTIFFs.

## COUNT LV
## FALSE ARREST

158) PLAINTIFF(S) GAYLORD & SMITH reallege(s) an incorporation of all previous paragraphs inclusive as though they were fully set forth herein and claims

AMENDED COMPLAINT FOR DAMAGES CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. SECTION 1983, 1985 COMPENSATORY DAMAGES INJUNCTIVE RELIEF TRIAL BY JURY DEMAND - 42

CARDINALE worked in collusion, and did without warning and unprovoked, execute false arrests, in which equates to Assault and Battery on PLAINTIFF. PLAINTIFFS had a right to conduct lawful activity on public property without being discriminated against and unmolested. CARDINALE had a duty to properly investigate and protect PLAINTIFFS rights but breached that by placing them under arrest. This arrest directly caused injury harm and loss to PLAINTIFFs.

## COUNT LVI
## FALSE ARREST

159) PLAINTIFF GAYLORD realleges an incorporation of all previous paragraphs inclusive as though they were fully set forth herein and claims CASE worked in collusion, and did without warning and unprovoked, execute false arrest, in which equates to Assault and Battery on PLAINTIFF. GAYLORD had a right to conduct lawful activity on public property without being discriminated against and unmolested. CASE had a duty to properly investigate and protect PLAINTIFFS rights but breached that by placing them under arrest. This arrest directly caused injury harm and loss to GAYLORD.

## COUNT LVII
## FALSE ARREST

160) PLAINTIFF SMITH realleges an incorporation of all previous paragraphs inclusive as though they were fully set forth herein and claims BURRELL worked in collusion, and did without warning and unprovoked, execute false arrests, in which equates to Assault and Battery on PLAINTIFFS. SMITH had a right to conduct lawful activity on public property without being discriminated against and unmolested.

BURRELL had a duty to properly investigate and protect PLAINTIFFS rights but breached that by placing them under arrest. This arrest directly caused injury harm and loss to SMITH.

## COUNT LVIII
## FALSE ARREST

161) PLAINTIFF MARR realleges an incorporation of all previous paragraphs inclusive as though they were fully set forth herein and claims RICHARDS worked in collusion, and did without warning and unprovoked, execute false arrests, in which equates to Assault and Battery on PLAINTIFFS. MARR had a right to conduct lawful activity on public property without being discriminated against and unmolested. RICHARDS had a duty to properly investigate and protect PLAINTIFFS rights but breached that by placing them under arrest. This arrest directly caused injury harm and loss to MARR.

## COUNT LIX
## FALSE ARREST

162) PLAINTIFF MARR realleges an incorporation of all previous paragraphs inclusive as though they were fully set forth herein and claims SEPULVEDA worked in collusion, and did without warning and unprovoked, execute false arrests, in which equates to Assault and Battery on PLAINTIFFS. MAR had a right to conduct lawful activity on public property without being discriminated against and unmolested. SEPULVEDA had a duty to properly investigate and protect PLAINTIFFS rights but breached that by placing them under arrest. This arrest directly caused injury harm and loss to MARR.

## COUNT LX
## FALSE ARREST

163) PLAINTIFF MARR realleges an incorporation of all previous paragraphs inclusive as though they were fully set forth herein and claims STOFFERAHN worked in collusion, and did without warning and unprovoked, execute false arrests, in which equates to Assault and Battery on PLAINTIFFS. MARR had a right to conduct lawful activity on public property without being discriminated against and unmolested. STOFFERAHN had a duty to properly investigate and protect PLAINTIFFS rights but breached that by placing them under arrest. This arrest directly caused injury harm and loss to MARR.

## PRAYER OF RELIEF
## WHEREFORE, PLAINTIFFS SEEK RELIEF IN THE FORM OF

**A.** Compensatory Damages against DEFENDANTS, for $250,000 each for constitutional violations (see 18 USC 3571).

**B.** Compensatory Damages against DEFENDANTS for $100,000 for each tort injury.

**C.** The right to amend this complaint as warranted by further evidence and fact finding that comes through discovery.

**D.** Declaratory Relief applicable to all DEFENDANTS. This includes but is not limited to a change of policies, practices, customs, and actions of COUNTY OF ADA and ADA COUNTY COURT HOUSE OFFICIALS to protect the rights of the public.

**E.** Injunctive Relief from current malicious and bad faith prosecution and or convictions brought against PLAINTIFFS concerning the multiple rights violations by DEFENDANTS.

AMENDED COMPLAINT FOR DAMAGES CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. SECTION 1983, 1985 COMPENSATORY DAMAGES INJUNCTIVE RELIEF TRIAL BY JURY DEMAND - 45

**F.** To have assistance of counsel in addition to attorneys for limited and full scope in this instant matter.

**G.** To attempt mediation before adjudicating all matters before a jury.

 Any further relief as the court deems proper.


    Dated _____ of _____ , 2022.


    Respectfully submitted,




    _____
    GARTH GAYLORD
    PRO SE

    _____
    LORI MARR
    PRO SE


    _____
    PAUL SMITH
    PRO SE

**F.** To have assistance of counsel in addition to attorneys for limited and full scope in this instant matter.

**G.** To attempt mediation before adjudicating all matters before a jury.

Any further relief as the court deems proper.

Dated 23 of May , 2022.

Respectfully submitted,
WITH ALL RIGHTS RESERVED

GARTH GAYLORD
PRO SE

LORI MARR
PRO SE

PAUL SMITH
PRO SE

AMENDED COMPLAINT FOR DAMAGES CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. SECTION 1983, 1985 COMPENSATORY DAMAGES INJUNCTIVE RELIEF TRIAL BY JURY DEMAND - 46

## CERTIFICATE OF SERVICE

Case Name: GAYLORD, MARR, SMITH vs. ADA COUNTY, et al

Case No.

I, the undersigned, HEREBY CERTIFY that on this 23 day of May 2022, that true and correct attached documents:

   1) PLAINTIFFS' CIVIL RIGHTS COMPLAINT — Amended

   3) CERTIFICATE OF SERVICE
      By method(s):

☐ HAND DELIVERY      ☒ US Mail      ☐ FAX

Is Submitted to:

   O DISTRICT COURT FOR THE DISTRICT OF IDAHO (hand delivered)
   O ADA COUNTY
   O JUDICIARY COURTS OF THE STATE OF IDAHO
   O MICHAEL MACLEOD
   O MORGAN CASE
   O EDWARD BENNETT
   O EDDIE RICHARDS
   O VICENTE SEPULVEDA
   O JOE WOOD
   O KEN BAISCH
   O DERRECK CARDINALE
   O BRIAN BURRELL
   O CHRISTOPHER STOFFERAHN

*Signature*