UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

GARTH GAYLORD, LORI MARR, PAUL SMITH,

Plaintiff,

v.

COUNTY OF ADA, MICHAEL MACLEOD, MORGAN CASE, EDWARD BENNETT, JAMES "EDDIE" RICHARDS, VICENTE SEPULVEDA, JOE WOOD, DAVID "KEN" BAISCH, DERRECK CARDINALE, BRIAN BURRELL, CHRISTOPHER STOFFERAHN,

Defendants.

Case No. 1:22-cv-00195-BLW

**MEMORANDUM DECISION AND ORDER**

## INTRODUCTION

Before the Court are the following motions: (1) Defendants County of Ada, Michael Macleod, Morgan Case, Edward Bennett, James "Eddie" Richards, Vicente Sepulveda, Joe Wood, David "Ken" Baisch, Derreck Cardinale, Brian

Burrell, Christopher Stofferahn's Motion To Dismiss Amended Complaint Pursuant to F.R.C.P. 12(b) (Dkt. 5); and (2) Defendant's Motion to Exclude the Affidavits and Exhibits from Plaintiffs' Objection to Defendants' Motion to Dismiss Amended Complaint Pursuant to F.R.C.P. 12(b) (Dkt. 13). The motions are fully briefed and at issue. For the reasons set forth below, the Court will grant the motions.

## BACKGROUND

### 1. Plaintiffs' Allegations

Plaintiffs Garth Gaylord, Lori Marr, and Paul Smith, proceeding pro se, have sued the "Ada County Judiciary Courts for the State of Idaho" and various Ada County court deputy marshals, alleging 69 claims under 42 U.S.C. § 1983 and state tort law arising from their arrests on May 7, 2021, after attempting to enter the Ada County Courthouse without wearing a facial covering. They claim "[o]n the morning of Mary 7, 2021, on the grounds of the COURTHOUSE property" they "were immediately met with discrimination because [they] were not wearing facial coverings" and were deterred, suppressed, unlawfully detained, and subsequently arrested." *Am. Compl.* ¶ 26. According to Plaintiffs, Marr and Smith "were exercising First Amendment Constitutionally protected conduct by Peaceably Assembling, and MARR was also attempting to enter the public Court House unmolested." *Id.* ¶ 27. Gaylord "was present because he was [summoned] to

personally appear to Court this day" and was arrested after attempting to enter the courthouse "unmolested," without a facial covering "for his demanded Appearance." *Id.* ¶ 28.

Plaintiffs allege that Gaylord "raised the demand to be let in without discrimination by articulating to the officers to allow him to appear 'in person' pursuant to Article 1 Sec. 13 of the Idaho State Constitution." *Id.* ¶ 29. Plaintiff Gaylord attempted to move past the defendants, Officers Joe Wood and Edward Bennett, toward the courthouse door, and Officers Wood and Bennett, with the aid of the defendants, Officer Derreck Cardinale and Officer Case, physically detained Gaylord and arrested him. *Id.* ¶¶ 30-31. Gaylord claims that he "continued to suffer emotional distress, physical pain, and loss of self-wrth [sic] because of these injuries, including suffering financial, as well as the loss of his marriage and loss of normal unfettered access to his children as a direct result of this interaction with DEFENDANTS causing undo pressure on his marriage." *Id.* ¶ 36.

Plaintiff Marr claims she "was exercising Constitutionally protected conduct in the Public area of COURTHOUSE property when [Defendants] BAISCH, SEPULVEDA and RICHARDS physically pushed MARR back and forth like a ping pong ball with unreasonable force, eventually causing her to lose balance and start to fall to the ground." *Id.* ¶ 37. At this point, Plaintiff Smith intervened "with the necessity to aid in preventing MARR from suffering further injury, to regain

her footing." *Id.* Both Marr and Smith were arrested and taken to the county jail. *Id.* ¶ 42. Both Marr and Smith "believe" they were "arrested over prohibited and unlawful guidance documents, orders, rules, codes, and courthouse policies for exercising [their] religious, medical and assembly rights to support [their] beliefs and [their] right to be on public property," and Defendants "were not rightfully in [their] presence. *Id.* ¶¶ 43-44.

Based on these allegations, Plaintiffs claim their federal and state constitutional rights were violated. In addition, they assert various state tort claims against Defendants.

### 2. Criminal Charges Against Plaintiffs

Gaylord, Smith, and Marr were all criminally charged for their conduct on May 7, 2021. On January 3, 2022, Gaylord pled guilty to Disturbing the Peace. On December 8, 2021, Smith also pled guilty to Disturbing the Peace. Marr has been charged with "Assault and Battery Upon Certain Personnel" and "Arrests & Seizures – Resisting or Obstructing Officers." Marr's case remains ongoing.[1]

---

[1] Defendants ask the Court to take judicial notice of the criminal cases pending against Plaintiffs, and that Gaylord and Smith pled guilty to Disturbing the Peace, and the criminal case against Marr remains ongoing. The Court may take notice of public records and consider them in deciding a motion to dismiss without converting the motion into one for summary judgment. *U.S. v. 14.02 Acres of Land More or Less in Fresno County*, 547 F.3d 943, 955 (9th Cir. 2008). Here, the Court therefore finds it appropriate to take judicial notice of the following: (1) Criminal (Continued)

## ANALYSIS

### 1. Motion to Exclude Affidavits

Plaintiffs submitted exhibits and affidavits in support of their response to Defendants' motion to dismiss, which Defendants moved to exclude on the grounds that it is inappropriate for the Court to consider exhibits and affidavits at the motion to dismiss stage. In deciding a motion to dismiss for failure to state a claim, the court generally should not consider materials outside the complaint and pleadings. *Brown v. Miller Brewing Co.*, No. 1:12-cv-00605-REB, 2014 WL 201699, at *3-*4 (D. Idaho Jan. 17, 2014). "[O]n a motion to dismiss . . . it is improper for a plaintiff to submit an affidavit or declaration in order to assert new facts not included in a complaint." *Harper v. United States Department of Interior*, No. 1:21-cv-00197-CRK, 2021 WL 5281589, *5 (D. Idaho Nov. 12, 2021) (citing *U.S. v. Ritchie*, 342 F.3d 903, 908-09 (9th Cir. 2003).

In light of the factual matters specifically alleged in the Complaint and raised by the filings in this proceeding thus far, the Court declines to treat Defendants' motion to dismiss as a motion for summary judgment pursuant to Rule

---

Case Number CR01-21-19134 pending against Gaylord in the Fourth Judicial District, and that Gaylord pled guilty to disturbing the peace; Criminal Case Number CR01-21-18945 pending against Smith Fourth Judicial District, and that Smith pled guilty to disturbing the peace; and Criminal Case Number CR01-21-18946 pending against Marr in the Fourth Judicial District; the case remains ongoing.

12(d). Therefore, the Court will disregard all factual allegations in the declarations and exhibits submitted by Plaintiff that are not contained in the Complaint, in any document sufficiently described in the Complaint which the Court will treat as part of the Complaint, or of which the Court may take judicial notice.

**2. Motion to Dismiss**

***A. Legal Standard***

To state a claim upon which relief can be granted, plaintiff's complaint must include facts sufficient to show a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). A complaint fails to state a claim for relief under Rule 8 of the Federal Rules of Civil Procedure if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In other words, although Rule 8 "does not require detailed factual allegations, . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," the complaint has not stated a claim for relief that is plausible on its face. *Id.* (internal quotation marks omitted).

Courts generally construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). The critical inquiry is whether a claim, however inartfully pleaded, has an arguable factual and legal basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (discussing Federal Rule of Civil Procedure 12(b)(6)), superseded by statute on other grounds as stated in *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000). Additionally, if amending the complaint would remedy the deficiencies, plaintiffs should be notified and provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

### ***B. Gaylord and Smith's Section 1983 Claims Are Barred by Heck v. Humphrey.***

Gaylord and Smith's § 1983 claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). "*Heck* bars a § 1983 action that would imply the invalidity of a prior conviction if the plaintiff could have sought invalidation of the underlying conviction via direct appeal or state post-conviction relief, but did not do so." *Martin v. City of Boise,* 920 F.3d 584, 613 (9th Cir. 2019). By noting the "strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction," *Heck*, 512 U.S. at 484, the Supreme Court in *Heck* reiterated its long-standing concern that judgments be final and consistent, and its disinclination to expand opportunities for collateral attack on criminal

convictions, thereby furthering principles of finality and consistency, *id.* at 484-485. The Ninth Circuit Court of Appeals has interpreted *Heck* as stating: “if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed.” *Smithart v. Towery*, 79 F.3d 951, 952 (1996). Whether Gaylord and Smith’s claims under § 1983 are barred by the *Heck* preclusion doctrine is a question of law. *Id.* at 1041.

Here, both Gaylord and Smith were charged with “willfully and maliciously disturb[ing] the peace and/or quiet of a person – Deputy Marshal Joe Wood in the case of Smith and Deputy Marshal Edward Bennett and/or Deputy Marshall Joe Wood in the case of Gaylord – “by tumultuous conduct.” Gaylord and Smith pled guilty to the charges, and such convictions for disturbing the peace have not been reversed on appeal, expunged by executive order, nor declared invalid. Furthermore, the allegations in the Amended Complaint demonstrate that the defendant marshals’ conduct cannot be separated temporally or spatially from factual basis for Gaylord and Smith’s convictions, and Plaintiffs do not argue otherwise in their response. *Beets v. Cnty. of Los Angeles*, 669 F.3d 1038, 1042 (9th Cir. 2012). Because Gaylord and Smith now seek damages against these same officers for the same conduct that gave rise to their arrest and convictions, their § 1983 claims “must be dismissed.” *Smithart*, 79 F.3d at 952.

***C. Marr's Claims Are Barred by Younger v. Harris***

Plaintiff Marr seeks "injunctive relief from bad faith prosecutions" and declaratory relief against the Plaintiffs. *Am. Compl.* ¶ 2. In addition, she seeks "Injunctive Relief from current malicious and bad faith prosecution." *Id.* ¶ 45. Marr also is asking for "Declaratory Relief applicable to all Defendants. This includes but is not limited to a change of policies, practices, customs, and actions of Ada County and Ada County Courthouse Officials to protect the rights of the public." *Id.* 45.

Plaintiff Marr mentions in Count XXIX of the Amended Complaint that there are "pending charges against her." She goes on to allege that it was a "false arrest," and she was named in a criminal complaint. *Am. Compl.* 28. Among Marr's many complaints, she alleges defamation in Count XXIX. These claims are premised on her "unlawful and illegal arrest." Marr's other claims also arise out her arrest in May 2021, which she claims violated her constitutional rights.

But federal courts usually must abstain from hearing civil rights actions that challenge pending state criminal proceedings. This Court can hear such an action only if "the threat to the plaintiff's federally protected rights ... cannot be eliminated by his defense against a single criminal prosecution." *Younger v. Harris*, 401 U.S. 37, 46 (1971).

For a court properly to abstain from hearing a case under the *Younger* doctrine, three factors must be present: (1) there must be an ongoing state judicial proceeding; (2) the proceeding must implicate an important state interest; and (3) there must be an adequate opportunity in the state proceeding to raise the constitutional challenge. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Where abstention is appropriate, a court may entertain the action only if "extraordinary circumstances" are present, including: (1) where irreparable injury is both "great and immediate"; (2) where the state law is "flagrantly and patently violative of express constitutional prohibitions"; or (3) where there is a showing of "bad faith, harassment, or any other unusual circumstances that would call for equitable relief." *Younger*, 401 U.S. at 46, 53–54.

In this case, if this Court were to interfere in Marr's ongoing state criminal case, the principle of comity would not be served. Important state interests are at stake where criminal proceedings are involved, as discussed in *Younger*. Marr has a remedy in the state court system, and there is no indication that the state courts are not fully capable and willing to adjudicate the constitutional issues raised by her. Because the three *Younger* abstention factors are present, and because no "extraordinary circumstances" exist to allow Marr to proceed on her federal claims at this time, the Court concludes that abstaining from Marr's civil rights action is appropriate so long as her state criminal case remains ongoing. Even if Marr's

criminal case has concluded, it appears her § 1983 claims would be barred by *Heck* for the same reasons that Gaylord and Smith's claims are barred, as she seeks damages against these same officers for the same conduct that gave rise to her arrest. *Smithart*, 79 F.3d at 952; *see also Beets v. Cnty. of Los Angeles*, 669 F.3d 1038, 1042 (9th Cir. 2012). The Court therefore will dismiss Marr's § 1983 claims as well.

***D. State Constitutional Claim***

Plaintiffs also assert that the Defendants, in their arrest of Plaintiff violated Article I of the Idaho Constitution. The Idaho Constitution, however, does not provide for a private cause of action for monetary damages based on an alleged violation of person's civil liberties. *Boren v. City of Nampa*, No. CIV 04-084-S-MHW, 2006 WL 2413840, at *10 (D. Idaho Aug. 18, 2006) (citing *Katzberg v. Regents of the University of California*, 29 Cal.4th 300, 58 P.3d 339, 127 Cal.Rptr.2d 482(2002) and *Spurrell v. Block*, 701 P.2d 529, 535 (Wash.App. 1985)). Plaintiffs' state constitutional claims will therefore be dismissed with prejudice.

**3. Leave to Amend**

A pro se litigant bringing a civil rights suit must have an opportunity to amend the complaint to overcome deficiencies unless it is clear that those deficiencies cannot be overcome by amendment. *Eldridge v. Block*, 832 F.2d 1132,

1135-36 (9th Cir. 1987). Here, the Court concludes that amendment in this case would be futile and a waste of judicial resources as to Gaylord and Smith because neither plaintiff has invalidated his criminal convictions, which results in a bar of their federal claims under § 1983. Similarly, the Court has elected not to hear Marr's claims under the *Younger* abstention doctrine, and even if Marr's criminal case has concluded, her § 1983 claims would appear to be barred by *Heck*. There are no facts the Court can conceive of that would remedy these latter deficiencies. Without their federal claims, the Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims. Accordingly, Plaintiffs' Amended Complaint will be dismissed without prejudice but without leave to amend. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (per curiam) (stating that Heck dismissal must be without prejudice so the plaintiff "may reassert his claims if he ever succeeds in invalidating his conviction"). Plaintiffs may refile their state law claims in state court if they show they have complied with the Idaho Torts Claim Act's notice requirements against all the named defendants.

## ORDER

**IT IS ORDERED:**

1. Defendant's Motion to Exclude the Affidavits and Exhibits from Plaintiffs' Objection to Defendants' Motion to Dismiss Amended Complaint Pursuant to F.R.C.P. 12(b) is **GRANTED**.

2. Defendants County of Ada, Michael Macleod, Morgan Case, Edward Bennett, James "Eddie" Richards, Vicente Sepulveda, Joe Wood, David "Ken" Baisch, Derreck Cardinale, Brian Burrell, Christopher Stofferahn's Motion To Dismiss Amended Complaint Pursuant to F.R.C.P. 12(b) (Dkt. 5) is **GRANTED**.

DATED: November 4, 2022

B. Lynn Winmill
U.S. District Court Judge